**Loren BOYCE, Petitioner and Appellant,**

v.

**Richard BACKES, Director, North Dakota Department of Transportation, Respondent and Appellee.**

**Civ. No. 920052.**

Supreme Court of North Dakota.

July 28, 1992.

Schoppert Law Firm, Minot, for petitioner and appellant; argued by Thomas K. Schoppert.

Gregory B. Gullickson (argued), Asst. Atty. Gen., Atty. General's Office, Bismarck, for respondent and appellee.

MESCHKE, Justice.

Claiming lack of a reasonable opportunity to contact an attorney despite repeated telephone calls after his arrest for a vehicle offense, Loren Boyce appeals an agency decision, affirmed by the district court, to revoke his driver's license for refusing an alcohol test. We affirm the revocation.

In August 1991, Minot Police Officer Marjorie Zietz received a late evening radio dispatch to investigate a report that a man was "passed out" in a black and silver pickup, license number CCC440, parked in a nightclub's lot. While Zietz was on her way, the dispatcher radioed her that the pickup was registered to Boyce. Zietz located Boyce asleep in the front seat of his pickup with the doors locked and the engine running. Zietz tapped on the window and shined a flashlight on Boyce's face to awaken him.

Zietz saw Boyce's bloodshot eyes and she smelled a "strong odor of alcohol coming from his person and breath." Zietz asked Boyce to perform field sobriety tests, but he refused, protesting that "this is crazy, you can't arrest me." She arrested Boyce for actual physical control of a motor vehicle while under the influence of alcohol.

Zietz read an implied-consent advisory to Boyce, and asked him to take an alcohol test. Boyce answered that he wanted to talk to an attorney. Zietz allowed Boyce to try to call an attorney from the mobile phone in his pickup. Boyce was assisted in this attempt by back-up Officer Lakefield, who looked for and read phone numbers to Boyce. Boyce was unsuccessful in contacting an attorney from his pickup.

Zietz took Boyce to the police station. After booking, Boyce was given a telephone and telephone book, and "[h]e tried several times to contact an attorney." After that, Zietz read Boyce the implied-consent advisory twice more, and each time asked whether he would submit to an alcohol test. Boyce answered, "I don't want to take it." Zietz concluded that Boyce refused the test.

Zietz then transported Boyce to the Ward County jail for custody pending bail. On the way to the jail, Zietz told Boyce that he could continue to try to phone an attorney from the jail. Boyce did not agree to an alcohol test either en route to the jail or after his arrival there.

Boyce was notified of the agency's intent to revoke his driver's license because he refused a test. Boyce contested the revocation at an administrative hearing. The

hearing officer found that Zietz had reasonable grounds to believe that Boyce was in actual physical control of his pickup while under the influence of alcohol, and that Boyce refused to be tested. The agency revoked Boyce's license for one year. Boyce appealed. The district court affirmed the agency decision. Boyce appeals.

■ Review of a license revocation under NDCC 39–20–05 is governed by the Administrative Agencies Practices Act. NDCC 28–32–01(1). We review the agency's decision, not the ruling of the district court. *Schwind v. Director, North Dakota Department of Transportation,* 462 N.W.2d 147 (N.D.1990). We do not make independent findings or substitute our judgment for that of the agency. *North Dakota Department of Transportation v. DuPaul,* 487 N.W.2d 593 (N.D.1992). Rather, we consider whether the agency reasonably reached its factual determinations from the greater weight of all the evidence.

Boyce argues that he was denied a reasonable opportunity to consult with an attorney. Stressing that he was arrested at 11:10 P.M., taken to the police station, and recorded as refusing the test before he was taken to the jail about an hour later, Boyce argues that he should have had more time to contact an attorney before the officer could reasonably conclude that he refused the test. Citing *Kuntz v. State Highway Commissioner,* 405 N.W.2d 285 (N.D. 1987), Boyce submits that his failure to take an alcohol test within that time cannot be a refusal to be tested. Boyce also argues that the officer should have told him at the outset the exact amount of time that he had to contact his attorney.

■ There is no rule that a police officer notify an accused about how long he may have to contact an attorney. Circumstances will vary. Here, Boyce had a reasonable opportunity to contact an attorney.

■ Referencing statutes that authorize use of alcohol tests to prove intoxication when administered "within two hours after the driving or being in actual physical con-

trol of a vehicle," Boyce argues that two hours must be the benchmark to measure the reasonableness of the opportunity to contact an attorney. *See* NDCC 39–20–03.1. *See also* NDCC 39–08–01(1)(a), 39–20–04.1(1), and 39–20–07(3) (1991). Thus, Boyce argues, "i[f] a test can reasonably be performed in ten minutes, there is no reason why an arrestee would not have one hour and fifty minutes to consult with an attorney." We disagree. It is not appropriate to measure the reasonableness of an accused's opportunity to contact an attorney by the maximum amount of time that the police may have to administer the most useful test to prove a licensee's intoxication. In some cases, to do so would unduly delay and extend the booking, observation, and testing processes.

■ A majority of this court holds that an accused, when arrested for driving or physical possession while under the influence, has "a limited and personal right" to contact an attorney of his choice before alcohol testing "unless that consultation unreasonably interferes with testing." *DuPaul* at 597. The majority has explained that the holding in *Kuntz* was intended to "eliminate[ ] the contradiction between the post-arrest *Miranda* assurance of a right to counsel, and the subsequent denial of access to an attorney's advice on whether to take the [alcohol] test." *Bickler v. North Dakota State Highway Commissioner,* 423 N.W.2d 146, 147 (N.D.1988) (Erickstad, C.J., and VandeWalle, J., concurring but adhering to their dissents in *Kuntz*). Here, Boyce was accorded repeated opportunities to try to contact an attorney—from his mobile phone, from the police station, and later from the jail.

Zietz testified that Boyce made "[s]everal phone calls" from the police station, and that he there completed a call to someone. Either he was unsuccessful or he chose to use the telephone for a purpose other than contacting an attorney. Because circumstances will vary, we decline to fix a time certain to exercise this limited right. The standard is reasonableness under the circumstances. In this case, Boyce had a

reasonable opportunity to contact an attorney.

We conclude that the agency's findings are supported by a preponderance of the evidence. Boyce refused to be tested. We affirm the agency's decision to revoke Boyce's license for one year.

LEVINE, VANDE WALLE and JOHNSON, JJ., concur.

ERICKSTAD, C.J., concurs in the result.