Filed 2/15/01 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2001 ND 35

David John Wetzel, Petitioner and Appellee

v.

North Dakota Department 

of Transportation, Respondent and Appellant

No. 20000186

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Lawrence A. Leclerc, Judge.

REVERSED.

Opinion of the Court by Neumann, Justice.

Andrew Moraghan, Assistant Attorney General, 900 E. Boulevard Avenue, Bismarck, N.D. 58505-0041, for respondent and appellant.

Joe A. Johnson, of Nelson, Blumer & Johnson, PLLP, 111 S. 9th Street, Fargo, N.D. 58103-1831, for petitioner and appellee.

Wetzel v. N.D. Dept. of Transportation

No. 20000186

Neumann, Justice.

[¶1] The North Dakota Department of Transportation (“Department”) appeals from a district court judgment reversing the Department’s one-year revocation of David John Wetzel’s driver’s license for refusing to take a chemical test.  Because Wetzel was given a reasonable opportunity to consult with an attorney, we reverse.

I

[¶2] On January 7, 2000, at 1:18 a.m., Fargo police officer Charles Sullivan arrested Wetzel for driving under the influence.  Following the arrest, Officer Sullivan recited the implied consent advisory and asked Wetzel to submit to a blood-alcohol concentration test.  Wetzel said he did not understand the advisory, and Officer Sullivan explained the advisory.  Wetzel said he still did not understand.  Officer Sullivan asked him what part he did not understand.  Wetzel replied he did not understand the legal language.  Wetzel asked to call his wife.  Officer Sullivan called Wetzel’s wife on Officer Sullivan’s cellular telephone and allowed Wetzel to speak with her.  After the conversation, Officer Sullivan again asked Wetzel if he would submit to a blood test.  Wetzel said he wanted to talk to an attorney.  At 1:25 a.m., Officer Sullivan gave Wetzel the cellular telephone and a telephone book to try to contact an attorney.  It is disputed whether Wetzel was handcuffed at the time.

[¶3] Officer Sullivan testified Wetzel complained about his job and his life for a few minutes before calling and speaking to his wife again at 1:30 a.m.  At 1:35 a.m., Wetzel called an attorney’s office, but received no answer.  Officer Sullivan testified he called the attorney’s residence, trying to help Wetzel, but again received no answer.  Wetzel called a second attorney’s office at 1:39 a.m., but received no answer.  Officer Sullivan dialed the second attorney’s residential number, but received no answer.  Wetzel resumed telling Officer Sullivan about his life and his job.  Officer Sullivan tried to focus Wetzel on his current situation.  Wetzel testified Officer Sullivan had been trying to help him contact an attorney.  Officer Sullivan again recited the implied consent advisory and asked Wetzel if he understood it.  Wetzel indicated he did.  Officer Sullivan asked Wetzel if he would submit to the blood test, and Wetzel again stated he wanted to talk to an attorney.

[¶4] At 1:48 a.m., Wetzel recited another phone number.  Officer Sullivan dialed the number, believing it was an attorney’s number.  There was no answer.  Officer Sullivan told Wetzel he had been given a reasonable amount of time to contact an attorney.  Officer Sullivan told Wetzel he could have one more call, but then Wetzel would have to indicate whether he would submit to the blood test.  Wetzel recited another number at 1:50 a.m.  Officer Sullivan dialed the number.  Again, there was no answer.

[¶5] Officer Sullivan told Wetzel he would have to indicate whether he would submit to the blood test.  Wetzel again said he wanted to talk to an attorney.  Officer Sullivan stated he was going to ask Wetzel one final time whether he would submit to the blood test and that if Wetzel’s response was anything other than a “yes,” it would be considered a refusal.  Wetzel asked Officer Sullivan what he meant by “refusal.”  Officer Sullivan explained the term and again asked Wetzel whether he would submit to a blood test.  Wetzel said he wanted to talk to an attorney.  Officer Sullivan told Wetzel he would be deemed to have refused to submit to the blood test.  At this point, Officer Sullivan had given Wetzel 25 minutes, from 1:25 a.m. to 1:50 a.m., to consult an attorney.

[¶6] Officer Sullivan began driving Wetzel to the county jail.  A hospital was near the route they were traveling.  Officer Sullivan again told Wetzel he had one final opportunity to consent to the blood test, but any reply other than a “yes” would be deemed a refusal.  Wetzel said he wanted to talk to an attorney.  Officer Sullivan told Wetzel his reply would be deemed a refusal.  During the rest of the trip to the police station, Wetzel said he wanted to talk to an attorney and insisted he had not refused anything.  The record is silent as to what happened after they reached the jail, except at 2:20 a.m., Officer Sullivan issued a report and notice to Wetzel, notifying him of the Department’s intent to revoke his driving privileges.

[¶7] Wetzel requested an administrative hearing on the proposed revocation.  After the administrative hearing, the hearing officer concluded Wetzel was given a reasonable opportunity to contact an attorney before deciding whether to take the test and Wetzel refused to submit to the test.  The hearing officer revoked Wetzel’s driving privileges for one year.  

[¶8] Wetzel appealed the revocation of his driving privileges to the district court.  The district court concluded Wetzel was not afforded a reasonable opportunity to contact an attorney before deciding whether to submit to a blood test and therefore did not refuse testing.  Accordingly, the district court reversed the revocation of Wetzel’s license.  The Department appeals.

II

[¶9] The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs the review of an administrative decision to suspend or revoke a driver's license.  
Houn v. N.D. Dep’t of Transp.
, 2000 ND 131, ¶ 5, 613 N.W.2d 29.  Our standard of review is the same standard applied by the district court.  N.D.C.C. § 28-32-21.    We review the record compiled by the agency and affirm the agency's decision unless:

1) the decision is not in accordance with the law;  2) the decision violates the constitutional rights of the appellant;  3) provisions of the Administrative Agencies Practice Act were not complied with in the proceedings before the agency;  4) the agency’s rules or procedures have not afforded the appellant a fair hearing;  5) the agency’s findings are not supported by a preponderance of the evidence;  or 6) the conclusions of law and the agency’s decision are not supported by its findings of fact.  N.D.C.C. § 28-32-19.

Id.
 at ¶ 5.  We give great deference to administrative agency rulings.  
Presteng v. Dir., N.D. Dep’t of Transp.
, 1998 ND 114, ¶ 5, 579 N.W.2d 212.  When reviewing the findings of an administrative agency, we do not substitute our own judgment for that of the agency, but instead determine whether a reasonable mind could have determined that the factual conclusions were proven by the weight of the evidence presented.  
Morrell v. N.D. Dep’t of Transp.
, 1999 ND 140, ¶ 6, 598 N.W.2d 111.  

[¶10] Whether a person has been afforded a reasonable opportunity to consult with an attorney is a mixed question of law and fact.  
See, e.g.,
 
Groe v. Comm’r of Pub. Safety
, 615 N.W.2d 837, 841 (Minn. Ct. App. 2000) (stating that once the facts are established, their significance becomes a question of law.)  We review mixed questions of law and fact under the de novo standard of review.  
State v. Torgerson
, 2000 ND 105, ¶ 3, 611 N.W.2d 182.

III

[¶11] Wetzel argues he was not afforded a reasonable opportunity to contact an attorney.  Specifically, Wetzel argues he was denied a reasonable opportunity to contact an attorney because he was not provided a reasonable amount of time to contact an attorney and because the back seat of a police car is an inherently coercive environment not conducive to consulting an attorney.  

[¶12] In 
Kuntz v. State Highway Commissioner
, 405 N.W.2d 285, 290 (N.D. 1987), we held that an arrested person has a limited statutory right under N.D.C.C. ch. 39-20 to consult with counsel before deciding whether to submit to a chemical test.  However, if an arrestee is unsuccessful in contacting an attorney by telephone within a reasonable amount of time, the arrestee must nevertheless make an election to take or refuse the chemical test.   
Bickler v. N.D. State Highway Comm’r
, 423 N.W.2d 146, 147 (N.D. 1988).  The arrestee’s right to consult privately with counsel must be balanced against society’s strong interest in obtaining important evidence.  
State v. Sadek
, 552 N.W.2d 71, 73 (N.D. 1996); 
City of Mandan v. Jewett
, 517 N.W.2d 640, 642 (N.D. 1994).  If a person arrested for driving under the influence is asked to submit to a chemical test and responds with any affirmative mention of a need for an attorney, the failure to allow the arrested person a reasonable opportunity to contact an attorney prevents the revocation of his or her license for refusal to take the test.  
Baillie v. Moore
, 522 N.W.2d 748, 750 (N.D. 1994).  The reasonableness of the opportunity to consult with counsel is tested objectively, focusing on the totality of the circumstances.  
Jewett
, at 642. 

A

[¶13] Wetzel argues he was denied a reasonable opportunity to consult an attorney because of the short time Officer Sullivan allowed him to attempt to contact an attorney. 

[¶14] At 1:50 a.m., Officer Sullivan deemed Wetzel to have refused testing.  Approximately one hour remained during which the test could have been administered.  Wetzel argues that because of the remaining hour, coupled with the increased difficulty of contacting an attorney because of the time of his arrest, 25 minutes was not a reasonable amount of time to contact an attorney.  At oral argument on appeal, counsel for Wetzel maintained that if an arrestee indicates he or she wants an attorney, the officer is required to wait the full statutory two hours before deeming the driver to have refused testing in order to satisfy reasonableness.

[¶15] Under North Dakota law, a chemical test to determine a driver’s blood-alcohol concentration must be given within two hours of driving if it is to be used to support imposition of an administrative sanction or as evidence of a “per se” violation under N.D.C.C. § 39-08-01(1)(a), and a driver’s refusal to submit to a test will result in the revocation of driving privileges for up to three years.  
Houn
, 2000 ND 131, ¶ 8, 613 N.W.2d 29; 
City of Grand Forks v. Risser
, 512 N.W.2d 462, 465 (N.D. 1994); 
see
 N.D.C.C. §§ 39-20-01, 39-20-04, 39-20-04.1.   

[¶16] In 
Boyce v. Backes
, 488 N.W.2d 45, 47 (N.D. 1992), Boyce similarly argued the statutory two hours must be the benchmark to measure the reasonableness of the opportunity to contact an attorney.  Boyce contended, “[I]f a test can reasonably be performed in ten minutes, there is no reason why an arrestee would not have one hour and fifty minutes to consult with an attorney.” 
Id.
 at 47.  We disagreed, stating:

It is not appropriate to measure the reasonableness of an accused’s opportunity to contact an attorney by the maximum amount of time that the police may have to administer the most useful test to prove a licensee’s intoxication.  In some cases, to do so would unduly delay and extend the booking, observation, and testing processes.

Id
.  Because circumstances vary, we declined to fix a certain amount of time for contacting an attorney.  
Id
.  Rather, we articulated the standard is reasonableness under the circumstances.  
Id
.

[¶17] Wetzel invites this Court to adopt the nonexclusive factors applied by the
 
Minnesota Court of Appeals in 
Kuhn v. Commissioner of Public Safety
, 488 N.W.2d 838, 842 (Minn. Ct. App. 1992), for determining whether a driver was afforded a reasonable amount of time to consult an attorney.  These factors include whether the driver made a good faith and sincere effort to contact an attorney, the time of day when the driver is trying to contact an attorney, and the length of time the driver has been under arrest.  
Kuhn
, at 842. 

[¶18] In North Dakota, we have held there is only a limited statutory right under N.D.C.C. ch. 39-20 to consult with a lawyer prior to deciding whether to take a blood-alcohol test.  
Kuntz v. State Highway Commissioner
, 405 N.W.2d 285, 290 (N.D. 1987).  Minnesota, on the other hand, has held there is a limited state constitutional right under Minn. Const. art. 1, § 6, to consult with a lawyer prior to taking a blood-alcohol test.  
Friedman v. Commissioner of Public Safety
, 473 N.W.2d 828, 835 (Minn. 1991).

[¶19] The Minnesota Court of Appeals stated the 
Kuhn
 factors are a 
nonexclusive
 list of relevant facts for determining whether a given amount of time to consult an attorney was reasonable.  
Kuhn
, 488 N.W.2d at 842.  The ultimate determination must take into consideration not only the facts such as those found in 
Kuhn
, but also the totality of the circumstances.  
Id.
  Accordingly, we decline the invitation to adopt a list of factors.  In the final analysis, it is from the totality of the circumstances that we determine whether Wetzel was afforded a reasonable opportunity to contact an attorney.

[¶20] The record shows Wetzel was arrested at 1:18 a.m.; Officer Sullivan lent Wetzel his personal cellular telephone to contact an attorney; Wetzel was given 25 minutes to contact an attorney; Wetzel made six telephone calls during the 25 minutes, including twice calling his wife; Officer Sullivan also dialed the residential telephone numbers of two attorneys for Wetzel; Wetzel testified Officer Sullivan was helpful when Wetzel was trying to contact an attorney; during the time he was allowed to try to contact an attorney, Wetzel discussed various aspects of his life with Officer Sullivan; and approximately one hour remained in which to secure a chemical test.  Considering the totality of these circumstances, a reasoning mind could certainly find Wetzel was afforded a reasonable amount of time to contact an attorney.

B

[¶21] Wetzel argues the back seat of a police car is an inherently coercive environment not conducive to contacting an attorney, particularly because the only telephone available was Officer Sullivan’s personal cellular telephone.  In support of this argument, Wetzel emphasizes cellular telephones “are not secure . . . , they frequently do not work, they lose power quickly, and they do not always provide a clear signal or reception.”  Because Officer Sullivan arrested Wetzel fourteen blocks from a hospital en route to the county jail, Wetzel argues it would have been reasonable for Officer Sullivan to take Wetzel to either the hospital or the jail to provide him a secure, private telephone.  

[¶22] Wetzel did not ask Officer Sullivan to take him to another telephone, nor did he ask Officer Sullivan to leave the car while he made the telephone calls.  Although we agree it would have been reasonable for Officer Sullivan to take Wetzel to either the hospital or the jail to use the telephone, we refuse to hold as a matter of law that a police officer must take an arrestee to a facility with a secure, private telephone to attempt to contact an attorney.  The record does not support the argument that the circumstances were inherently coercive to the point that Wetzel was denied a reasonable opportunity to contact an attorney. 

IV

[¶23] Having concluded Wetzel was afforded a reasonable time to contact an attorney and the environment in which he was allowed to try to contact an attorney was not inherently unreasonable, we discuss the remaining factors relevant to our totality of the circumstances analysis.

[¶24] First, Wetzel had ample opportunity to cure his refusal to take the test by consenting to testing.  In 
Houn
, 2000 ND 131, ¶ 9, 613 N.W.2d 29, we stated:

An arrestee who refuses to submit to a chemical test may cure that refusal by consenting to a test within a reasonable time after the prior refusal if the subsequent test would still be accurate, testing equipment or facilities are still available, the subject has been in police custody and under observation for the whole time since arrest, and the subsequent test will result in no substantial inconvenience or expense to law enforcement.

The record is devoid of any evidence suggesting Wetzel tried to contact an attorney from jail, renewed his request to contact an attorney, or subsequently consented to a test. 

[¶25] Further, the record is also silent regarding how long it would have taken to administer a chemical test if Wetzel had consented either initially or by curing his refusal.  
Cf.
 
Houn
, 2000 ND 131, ¶ 3, 613 N.W.2d 29 (discussing the hearing officer’s factual findings regarding the amount of time necessary to administer alternative types of testing under ideal situations).  This fact is important because part of the totality of the circumstances is the length of time needed to administer the test.  Clearly this fact has an impact on the determination of whether a reasonable opportunity to contact an attorney was afforded. 

[¶26] On this record, we cannot say Wetzel was not provided a reasonable opportunity to contact an attorney. 

V

[¶27] Wetzel’s limited statutory right to contact an attorney was not denied.  We reverse the district court’s judgment and reinstate the Department’s revocation of Wetzel’s driver’s license.  

[¶28] William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.