2001 ND 44

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kenneth M. BERGER, Defendant and Appellant.**

**No. 20000174.**

Supreme Court of North Dakota.

March 5, 2001.

Ladd R. Erickson, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Rauleigh D. Robinson, Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Kenneth M. Berger appeals from a criminal judgment and order, based on his guilty plea which reserved his right to

appeal the trial court's denial of his motion to dismiss the charge and his motion to suppress Intoxilyzer results due to an alleged violation of his statutory right to consult with counsel. We affirm.

## I

[¶ 2] On November 11, 1999, at about 1:00 a.m., a sheriff's deputy observed a vehicle operated by Berger driving with the passenger-side tires approximately two feet over the right fog line. The deputy obtained a radar reading of 39 mph in a 55-mph speed zone. After turning and following the vehicle, the deputy observed Berger weaving three times from the driving lane to two-to-three feet over the fog line. The deputy reported when he stopped the vehicle Berger smelled of alcohol, had glassy and bloodshot eyes, slurred his speech, fumbled for his driver's license, was unbalanced and unsteady on his feet, refused field sobriety tests because he stated he "wouldn't pass them anyway," and then became verbally abusive when the deputy arrested him for driving while under the influence of intoxicating liquor.

[¶ 3] While seated in the back of the patrol car, the deputy read Berger the implied consent advisory, after which Berger asked: "Do I have a right to call a lawyer?" The deputy replied, "You certainly do. . . . I will give you a phone book. You can call." Berger named two local attorneys and indicated he would call one, and "[i]f he is not there I will get [the other attorney], but I don't want to do that." The deputy also told Berger, "I will give you a reasonable amount of time. It's about twenty minutes to contact a lawyer. . . . I will give you every opportunity to call a lawyer. . . . You know, I mean that's fair. I will give you a chance to call whoever you would like." The officer audiotaped this conversation.

[¶ 4] After the deputy brought Berger to the Law Enforcement Center, the deputy took Berger to a booking room, where he would have some privacy, and gave him a telephone book and access to a telephone. The deputy left the room for about 10 minutes; when he returned, the deputy testified Berger said he had tried to call a lawyer but was not able to reach one. The deputy testified Berger never mentioned anything about not being able to call long distance. On the other hand, Berger testified he tried to call one local attorney but got an answering machine, then tried another local attorney but "couldn't get out," and finally tried to call an attorney in Dickinson but kept getting the operator. Berger testified he told the officer he could not get through on the long-distance call, but the officer allegedly disregarded Berger's statement and only responded by asking Berger if he would take the Intoxilyzer test. An officer testified the phone records at the police station show each phone number when it is dialed. The record indicated Berger only attempted to make one phone call, and it was to a local attorney's number.

[¶ 5] The deputy administered the Intoxilyzer test to Berger and obtained a .19% result. Berger was charged with driving while under the influence of intoxicating liquor and/or drugs or with blood alcohol content .10% or greater. Subsequently, Berger moved the court to dismiss the charge because he was "denied his constitutional right to counsel at a critical time in this case" when he allegedly could not make a long-distance call to his attorney. The trial court denied the motion, stating: "The prosecution has submitted an affidavit refuting the statement of [Berger]." Berger requested a hearing on his motion to dismiss, which he stated "may be viewed as an alternative motion to suppress." At the hearing, Berger conceded there was probable cause for the officer to stop Berger's vehicle, but stated the focus of the inquiry was whether Berger was given a reasonable opportunity to consult with counsel before submitting to a chemical test. At the conclusion of the hearing, the trial court indicated it was "satisfied that Mr. Berger was given the opportunity to contact an attorney." The

trial court denied Berger's motion to dismiss the charge, as well as the motion to suppress evidence. Berger entered a guilty plea, reserving his right to appeal, and on June 13, 2000, he filed a Notice of Appeal to this Court.

## II

[¶ 6] Berger argues he intentionally filed a motion to dismiss the charge because it is "stronger" than a motion to suppress the Intoxilyzer results. Berger contends suppression of the evidence is remedial in nature and designed to change police misconduct, yet in this case it is "not enough." Berger asserts that the Mandan Police Department and Morton County Sheriff's Department have shared the combined Law Enforcement Center in Mandan for years and have known of the law regarding the right to counsel but have made a decision to disregard that law. For support Berger relies primarily on *City of Mandan v. Jewett*, 517 N.W.2d 640, 640 (N.D.1994) (noting the Mandan Police Department's lack of capacity for placing long-distance phone calls in the evening).

[¶ 7] At the hearing, the trial court queried Berger's attorney about the motion to dismiss the charge. The trial judge stated, "I suspect [the motion to dismiss is] in the nature of a motion to suppress, or am I wrong?" Counsel responded that the court's discretion was not abused by "grant[ing] a motion to dismiss on these facts, however, it may more often be characterized as a motion to suppress." The trial court pressed further: "So what you are trying to do is suppress the chemical tests on the basis that [Berger] was not given an opportunity to consult with his attorney?" When Berger's counsel agreed, the trial court clarified: "It's not a motion to dismiss. You are trying to get rid of a chemical test." Ultimately, the trial court denied both the motion to dismiss and the motion to suppress.

[¶ 8] Berger insists the motion to dismiss was an appropriate remedy for the failure of law enforcement officers to provide Berger an opportunity to consult with counsel, according to the holdings of *Bickler v. N.D. State Highway Comm'r*, 423 N.W.2d 146 (N.D.1988) and *Jewett*, 517 N.W.2d 640. We find Berger's interpretation of our case law misinformed.

[¶ 9] In *Bickler*, we reversed a district court's decision that Bickler was not given a reasonable opportunity to consult with his attorney because he was refused a conference in a private setting out of the officer's view. 423 N.W.2d at 147–48. Bickler never filed a motion to dismiss the charge; rather, Bickler appealed his administrative revocation of his driver's license for one year for refusing to take the Intoxilyzer test. *Id.* at 147. *Bickler* provides no support for Berger's argument.

[¶ 10] Berger's reliance on *Jewett*, 517 N.W.2d 640, is similarly misguided. In *Jewett*, the trial court had granted Jewett's motion to dismiss the charge of driving under the influence of intoxicating liquor, reasoning Jewett was denied his constitutional and statutory rights to assistance of counsel and his constitutional rights to due process of law because he was not afforded a private consultation with his attorney. *Id.* at 640–41. We reviewed the trial court's decision under the standard of review for a motion to suppress evidence, not a motion to dismiss. *Id.* at 641. Furthermore, we reversed the trial court and held that the police gave Jewett a reasonable opportunity to consult with counsel in a meaningful way when he was allowed to call from an outdoor pay phone near the place of his arrest, despite the Mandan Police Department lacking the capacity for placing long-distance phone calls in the evening. *Id.* at 640, 643. The officers testified they could not hear Jewett's conversation with his attorney, as they passively observed him from nine to twelve feet away; and we indicated anything they might have overheard appropriately would have been suppressed. *Id.* at 643.

[¶ 11] We have outlined our standard of review for preliminary proceedings, such as a motion to dismiss, in criminal cases at the trial court level. We will not reverse a trial court's findings of fact in preliminary criminal proceedings if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of the evidence. *State v. Tester*, 1999 ND 60, ¶ 11, 592 N.W.2d 515. This standard is identical to our review of a trial court's denial of a motion to suppress. *See State v. Norrid*, 2000 ND 112, ¶ 5, 611 N.W.2d 866. This deferential standard of review recognizes the importance of the opportunity of the trial court to observe and assess credibility of witnesses. *Id.*

[¶ 12] To warrant a dismissal of charges, accused persons must show actual prejudice of their right to present a defense and have a fair trial. *City of Fargo v. Stutlien*, 505 N.W.2d 738, 746 (N.D. 1993). However, we have declined to adopt a per se prejudice rule requiring dismissal when a defendant is denied use of a telephone. *City of Fargo v. Thompson*, 520 N.W.2d 578, 582 (N.D.1994). In *Thompson*, we affirmed the dismissal of charges when the defendant's right to present a defense and have a fair trial was actually prejudiced because not only was he denied an opportunity to use the telephone to contact an attorney for five hours after his arrest, but also was detained by the police for eleven hours and lacked outward signs of alcohol impairment. *Id.* at 581–82.

[¶ 13] In this case, Berger was not detained for hours before being allowed to contact an attorney, and the officer observed outward signs that Berger was impaired by alcohol, such as Berger driving erratically, smelling of alcohol, slurring his speech, moving unsteadily, and becoming verbally abusive on arrest. Berger admitted to the district court, "We don't dispute that there was probable cause for a stop." Thus, notwithstanding the motion to dismiss charges due to an alleged violation of Berger's right to contact an attorney before deciding whether to submit to alcohol testing, the State was entitled to proceed with the trial. *See Thompson*, 520 N.W.2d at 580 (stating results of a blood-alcohol test are not necessary to sustain a driving under the influence or an actual physical control conviction). The trial court cogently instructed Berger:

> Even in the absence of the chemical test [the State] ha[s] a right to proceed with the trial as to the conduct. I would assume either be charged with a DUI and driving with blood alcohol level greater than .1, which are two separate—it's the same offense but can be proved two different ways.
>
> Even if your motion should succeed, [the State] would still probably have the right to proceed with regard to the driving because certainly whether or not [Berger] had a right to consult with an attorney doesn't have anything to do with his driving and whether that would constitute DUI so it's a motion to suppress the test.

[¶ 14] The trial court appropriately determined a motion to suppress evidence was the proper mechanism to address alleged violations of the right to counsel. *See generally State v. Stewart*, 1999 ND 154, ¶ 10, 598 N.W.2d 773 (affirming a trial court's ruling that violations of the right to counsel are remedied not by a dismissal of the charges, but rather by suppression of the statements); *State v. Sadek*, 552 N.W.2d 71, 72 (N.D.1996) (holding the defendant waived his attempt to suppress results of an Intoxilyzer test, based on alleged violation of his right to consult with counsel); *Jewett*, 517 N.W.2d at 643 (indicating if the arresting officer could have overheard the defendant consulting with his attorney prior to taking a chemical test, such statements appropriately would be suppressed); *City of Grand Forks v. Soli*, 479 N.W.2d 872, 873, 875 (N.D.1992)

(affirming a judgment and order denying the defendant's request to suppress blood test results and officer testimony for alleged violations of his right to have a confidential conversation with his attorney).

[¶ 15] We conclude Berger's right to present a defense and to have a fair trial was not actually prejudiced, and dismissal of his charges was not warranted. Berger's remedy for an alleged infringement of his statutory right to meaningfully consult with counsel before submitting to the Intoxilyzer test was to file a motion to suppress the results of the test, rather than a motion to dismiss the charges.

### III

[¶ 16] Berger argues he was not afforded a reasonable opportunity to consult with counsel in a meaningful way since the officer gave him a telephone that allegedly would not allow long-distance calls. Berger alleges the officer knew he was a Dickinson resident from his driver's license, and the officer gave Berger a phone book with Dickinson listings, but then provided a phone that would not allow him to call his attorney in Dickinson. Berger contends the State seems to have a "quiet theme" that he was restricted to making a local call to a local attorney because he had mentioned the name of two local attorneys; however, Berger claims he has a right to contact an attorney of his choice.

[¶ 17] Our jurisprudence regarding consultation with counsel prior to taking an Intoxilyzer test is straightforward. An arrested person who asks to speak with an attorney before taking a chemical test must be given a reasonable opportunity to do so if it does not materially interfere with the test administration. *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285, 290 (N.D.1987). The reasonableness of the opportunity objectively depends on the totality of the circumstances, rather than the subjective beliefs of the accused or police. *City of Mandan v. Jewett*, 517 N.W.2d 640, 642 (N.D.1994).

The accused person's right of consultation with an attorney before submitting to a chemical test is a statutory right, not a constitutional right. *Kuntz* at 289; *see also* N.D.C.C. § 29–05–20 (providing that an attorney who requests to visit with the arrested person may have such visitation). This limited right of consultation must be balanced against the need for an accurate and timely chemical test. *State v. Sadek*, 552 N.W.2d 71, 73 (N.D.1996).

[¶ 18] Simply put, the linchpin for determining if police have given an accused a meaningful opportunity for contacting an attorney is reasonableness under the circumstances. *Jewett*, 517 N.W.2d at 642. For example, in *Boyce v. Backes*, 488 N.W.2d 45, 47–48 (N.D.1992), we concluded Boyce had a reasonable opportunity to contact an attorney when the officers gave him repeated chances to try calling an attorney—from his mobile phone, from the police station, and later from the jail. The officers testified Boyce made several phone calls from the police station, completed a call to someone, and either he was unsuccessful or he chose to use the telephone for a purpose other than contacting an attorney. *Id.* at 47.

[¶ 19] Berger urges that giving an out-of-town defendant a phone book with long-distance listings, but a phone that will not call long distance, is absurd and not a reasonable opportunity to consult with counsel in a meaningful way. Berger insists the police may just as well give the defendant a telephone that is not plugged in or has had the plug yanked from the wall, because the result will be the same.

[¶ 20] We have recognized the practical problems and concerns of law enforcement agencies in accommodating requests by suspects for multiple and long-distance phone calls. *Mayo v. Moore*, 527 N.W.2d 257, 261 (N.D.1995). We have stated the jail has no duty to underwrite long-distance calls by arrested drivers before a chemical test decision is made. *Id.* However, we have consistently required

police to offer an accused person a reasonable opportunity to consult counsel of his choice in a meaningful way under the circumstances. *See Boyce*, 488 N.W.2d at 47; *Jewett*, 517 N.W.2d at 642. Defendants must be provided a reasonable opportunity to make long-distance telephone calls to an attorney, as long as the defendant pays for the call and the call does not otherwise interfere with the circumstances required for valid testing.

[¶ 21] At the preliminary hearing, the police officer acknowledged on cross-examination that although he gave Berger the telephone, he personally did not know whether the phone would allow Berger to call long distance. The officer admitted if Berger had asked how to call long distance, the officer would not have known how to call long distance on that phone. Another officer, who was the assistant administrator of the Morton County jail, testified on cross-examination there were no instructions nearby the telephone indicating proper procedures for calling long distance. The officer stated, "If Mr. Berger wanted to call long distance, it probably would have been dialed by the correctional staff. That's the proper way of doing it. . . . . [T]he way I instruct all our staff to do it, is we do the dialing and we hand the phone to the subject that is making the phone call."

[¶ 22] The trial court did not make any written findings on whether Berger was denied a reasonable opportunity to consult an attorney before deciding whether to take a blood test. However, at the conclusion of the evidentiary hearing, the trial court stated it was "satisfied that Mr. Berger was given the opportunity to contact an attorney," and the court denied both the motion to suppress and the motion to dismiss.

[¶ 23] After reviewing the record, resolving conflicts in the testimony in favor of affirmance, we hold there is sufficient evidence fairly capable of supporting the trial court's judgment, which is not contrary to the manifest weight of the evidence. *See State v. Norrid*, 2000 ND 112, ¶ 5, 611 N.W.2d 866 (defining the standard of review of a trial court's denial of motions to suppress). The appropriate inquiry is whether the police afforded a reasonable opportunity to consult with his attorney in a meaningful way under the circumstances. *Jewett*, 517 N.W.2d at 642. Under this inquiry we hold that Berger was not denied a reasonable and meaningful opportunity for consultation with counsel, considering the officers gave him a telephone and telephone book, afforded him privacy in a booking room for about ten minutes, and testified Berger did not say anything to the officers about being unable to call long distance, as confirmed by the police phone records showing Berger only attempted to make one phone call, and it was to a local attorney. *See Boyce*, 488 N.W.2d at 47 (concluding the defendant had a reasonable opportunity to contact an attorney when he completed a call to someone and either was unsuccessful in reaching the attorney or chose to use the phone for another purpose than contacting an attorney).

### IV

[¶ 24] We affirm the trial court's denial of Berger's motion to dismiss the charge and motion to suppress evidence of his Intoxilyzer test results.

[¶ 25] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM JJ., concur.