Filed 5/17/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 97

State of North Dakota, Plaintiff and Appellee

v.

Jens Stephen Lee, Defendant and Appellant

No. 20110121

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Tristan Jones Van de Streek (argued), Assistant State’s Attorney, Cass County Courthouse, P.O. Box 2806, Fargo, ND 58108-2806, for plaintiff and appellee.

Jesse Nathan Lange (argued) and Kyle David Kemmet (on brief), 415 11th Street South, P.O. Box 1817, Fargo, ND 58107-1817, for defendant and appellant.

State v. Lee

No. 20110121

Crothers, Justice.

[¶1] Jens Stephen Lee appeals from a judgment of conviction for driving under the influence of intoxicating liquor or drugs.  We affirm, concluding the district court did not err by denying Lee’s motion to suppress chemical test results.

I

[¶2] Lee was stopped for speeding while riding his motorcycle.  After failing field sobriety tests and a preliminary screening test, Lee was arrested and agreed to submit to an Intoxilyzer test.  The in-car video shows that approximately four minutes later, while they sat in the patrol car waiting for assistance with the motorcycle, Lee twice told the arresting officer, “I hope you understand I’ve got to have Cash give me a good try.”  When the officer asked what he meant, Lee answered, “Cash Aaland,” the name of a Fargo attorney.  At the administrative hearing, the arresting officer testified Lee had stated that “he’d be getting a hold of Cash.”  The arresting officer admitted he understood “Cash” was a reference to Cash Aaland.  After being transported to the police station, Lee made no further reference to an attorney before submitting to the Intoxilyzer test.  The arresting officer did not provide Lee an opportunity to contact an attorney prior to administering the Intoxilyzer test.

[¶3] The Intoxilyzer test results indicated Lee’s blood alcohol content was above the legal limit, and he was charged with driving under the influence of intoxicating liquor in violation of N.D.C.C. § 39-08-01.  Lee moved to suppress the Intoxilyzer test results, arguing he was denied the right to consult with an attorney before submitting to the test.  The district court denied the motion to suppress, and Lee entered a conditional guilty plea under N.D.R.Crim.P. 11(a)(2), reserving his right to appeal from the judgment and challenge the denial of his motion to suppress.

II

[¶4] Lee contends the district court erred in denying his motion to suppress evidence of the Intoxilyzer test results, claiming his statement to the arresting officer that “I’ve got to have Cash give me a good try” invoked his statutory right to consult with an attorney before submitting to the chemical test and triggered the officer’s duty to provide a reasonable opportunity for Lee to do so.

[¶5] “A person arrested for driving under the influence (‘DUI’) has a limited statutory right under N.D.C.C. ch. 39-20 to consult with an attorney before deciding whether to submit to a chemical test for intoxication.”  
Kasowski v. Dir., N.D. Dep’t of Transp.
, 2011 ND 92, ¶ 6, 797 N.W.2d 40; 
see also
 
In re R.P.
, 2008 ND 39, ¶¶ 11-

12, 745 N.W.2d 642; 
State v. Pace
, 2006 ND 98, ¶ 6, 713 N.W.2d 535; 
Eriksmoen v. Dir., N.D. Dep’t of Transp.
, 2005 ND 206, ¶ 8, 706 N.W.2d 610.  We have outlined the scope of the limited statutory right:  “An arrested person who asks to speak with an attorney before taking a chemical test must be given a reasonable opportunity to do so if it does not materially interfere with the test administration.”  
In re R.P.
, at ¶ 11 (quoting 
State v. Berger
, 2001 ND 44, ¶ 17, 623 N.W.2d 25).

[¶6] In 
Baillie v. Moore
, 522 N.W.2d 748, 750 (N.D. 1994), this Court adopted a self-described bright-line rule for determining whether an arrestee has invoked the right to consult with an attorney before submitting to a chemical test, thereby triggering the officer’s duty to provide a reasonable opportunity for the arrestee to do so:

“We refuse to indulge in a case-by-case search for magical words which must be uttered by an arrestee as a prerequisite to being given an opportunity to consult an attorney.  Rather, we hold that if a DUI arrestee, upon being asked to submit to a chemical test, responds with any mention of a need for an attorney—to see one, to talk to one, to have one, etc.—the failure to allow the arrestee a reasonable opportunity to contact an attorney prevents the revocation of his license for refusal to take the test. . . .  Our intent is to set forth a ‘bright line’ test to determine when an arrestee must be allowed a reasonable opportunity to consult with an attorney before deciding whether to take a chemical test.  If the arrestee responds with any affirmative mention of a need for an attorney, law enforcement personnel must assume the arrestee is requesting an opportunity to consult with an attorney and must allow a reasonable opportunity to do so.”

[¶7] In this case, Lee told the arresting officer at the scene of the arrest that he had “to have Cash give me a good try” or that “he’d be getting a hold of Cash,” who the officer understood was Lee’s attorney.  Lee claims these statements were sufficient to invoke his right to counsel.  The State contends Lee did not expressly ask to contact an attorney before deciding whether to submit to a chemical test, but “merely mentioned an attorney’s name and indicated a general desire to fight the charge.”  The State also stresses Lee’s statement about the attorney came several minutes after the officer asked him to submit to the Intoxilyzer test and as they were casually conversing while waiting in the patrol car.

[¶8] The district court made findings after the suppression hearing, including:

“Mr. Lee did not make any request to contact his attorney prior to submitting to the chemical test.  Although he did mention the name ‘Cash’ in conversing with [the arresting officer], he communicated no desire to contact his attorney prior to submitting to the chemical test.  Instead, his statements are of a general nature and only mention retaining ‘Cash’ to defend him in order to ‘protect his livelihood.’  At no time did Mr. Lee state that he wished to consult with an attorney prior to taking the chemical test and the mere mention of the name ‘Cash’ does not rise to the level of a request to speak to an attorney.”

[¶9] Our purpose in adopting a bright-line rule was to avoid the need to engage in case-by-case consideration of the surrounding circumstances, such as the timing of the request, the alleged “casual” nature of the conversation or whether specific “magical words” were used.  
Baillie
, 522 N.W.2d at 750.  To that end, our directive in 
Baillie
 is clear:  If a DUI arrestee who has been asked to take a chemical test makes “any mention of a need for an attorney,” the officer “must assume the arrestee is requesting an opportunity to consult with an attorney and must allow a reasonable opportunity to do so.”  
Id.
  However, the directive in 
Baillie
 is not without limits, and those limits are apparent from the 
Baillie
 holding itself.

[¶10] In 
Baillie
, a driver’s license revocation was overturned because the driver was not given a reasonable opportunity to communicate with an attorney after stating his desire to consult with counsel before agreeing to take a chemical test.  522 N.W.2d at 749.  We held Baillie’s statement that he would not agree to take a chemical test without a lawyer constituted “any mention of a need for an attorney” and that the officer was required to assume Baillie was “requesting an opportunity to consult with an attorney.”  
Id.
 at 750.  By contrast here, Lee agreed to take the test.  The district court found Lee did not ask to speak with counsel either when he agreed to the test or afterward.  Rather, during a subsequent conversation with the officer, Lee made only passing reference to having “Cash give me a good try.”  While this entire proceeding might have been unnecessary had the arresting officer simply asked Lee to clarify whether he wanted to speak with an attorney then, under the facts of this case we agree with the district court that Lee’s statements were not requests to consult with counsel before taking the chemical test.  Therefore, Lee was not denied his limited statutory right to counsel prior to chemical testing and suppression of the test results is not required.

[¶11] In denying Lee’s motion to suppress the chemical test results, the district court concluded that because 
Baillie
 was an administrative proceeding, its holding was merely “instructive” and did not “directly address the issue in this case.”  This Court, however, has quoted and applied the bright-line rule of 
Baillie
 in a criminal case.  
See
 
Pace
, 2006 ND 98, ¶¶ 6-7, 713 N.W.2d 535.  This Court also has held that when an arrestee’s statutory right to consult with counsel before submitting to a chemical test has been infringed or denied, the appropriate remedy in a criminal case is suppression of the chemical test results.  
In re R.P.
, 2008 ND 39, ¶ 11, 745 N.W.2d 642; 
State v. Berger
, 2001 ND 44, ¶¶ 14-15, 623 N.W.2d 25.

[¶12] We conclude the district court did not err in denying Lee’s motion to suppress the results of the test.

III

[¶13] The judgment of conviction is affirmed.

[¶14] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

I concur in the result.

Dale V. Sandstrom