1997 ND 120

**Curtis J. TOOLEY, Petitioner and Appellee,**

v.

**Marshall W. MOORE, Director, North Dakota Department of Transportation, Respondent and Appellant.**

Civil No. 970078.

Supreme Court of North Dakota.

June 24, 1997.

Candace Ann Prigge (argued), Assistant Attorney General, Attorney General's Office, Bismarck, for respondent and appellant.

No appearance on behalf of appellee.

MESCHKE, Justice.

[¶ 1] The Director of the North Dakota Department of Transportation appeals from a judgment reversing a suspension of Curtis Tooley's driving license for 365 days. We reverse and remand for reinstatement of the suspension.

[¶ 2] While on patrol in Dickinson, Officer Andy Zachmeier stopped Tooley for a moving-traffic violation. The officer investigated the smell of alcohol, Tooley's bloodshot eyes, and Tooley's somewhat confused and slurred answers to the officer's questions. When Tooley failed an Alco–Sensor test, Officer Zachmeier arrested him for driving while impaired by alcohol. Tooley agreed to a blood test that later reported a blood-alcohol concentration of 0.22 percent.

[¶ 3] During his blood test at the hospital, Tooley asked for an independent saliva test and to contact an attorney. Neither Officer Zachmeier or the hospital staff knew how to conduct a saliva test, so they could not administer one. Tooley did not request any other test, and he was allowed to contact an attorney.

[¶ 4] At Tooley's suspension hearing, the hearing officer found Officer Zachmeier did not deny Tooley a reasonable opportunity to

obtain an independent test, and suspended Tooley's driving privileges for 365 days. Tooley appealed. The district court reversed the suspension, concluding Tooley was denied an independent test when "he was advised by the officer that there was no available procedure for a saliva test." The Department appealed.

[¶ 5] The standard of review for an administrative license suspension includes considering whether the hearing officer's findings of fact were supported by a preponderance of the evidence. *Lock v. Moore*, 541 N.W.2d 84, 86 (N.D.1995). Here, we conclude the evidence did support the hearing officer's decision.

[¶ 6] By law, Tooley was entitled to obtain an independent chemical test, but his inability to obtain the one he wanted did not prevent the evidentiary use of the result from the test directed by the arresting officer.

... The person tested may have a ... qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer with all costs of an additional test or tests to be the sole responsibility of the person charged. *The failure or inability to obtain an additional test by a person does not preclude the admission of the test or tests taken at the direction of a law enforcement officer.* ...

NDCC 39–20–02 (emphasis added). As *Boehler v. Backes,* 461 N.W.2d 103, 104 (N.D. 1990), explained, the right to an independent test is necessarily affected by the availability of alternative testing facilities and other attendant circumstances.

[¶ 7] Generally, an officer need not assist an arrested driver in obtaining an independent test. *Lock,* 541 N.W.2d at 88. *But see State v. Dressler,* 433 N.W.2d 549 (N.D.Ct.App.1988)(arresting officer deprived accused of reasonable opportunity for requested additional test when he falsely informed accused that nearby Richardton hospital had declined to draw blood samples and drove accused another 23 miles to Dickinson for blood and breath tests). Here, Officer Zachmeier was not familiar with how or where a saliva test could be done. We conclude the evidence in this case was sufficient for the hearing officer's finding that Officer Zachmeier did not deny Tooley a reasonable opportunity to obtain an additional test.

[¶ 8] After reviewing the record, we conclude Tooley's other specifications of error are without merit, even though they were not addressed by the district court. We reverse the district court and remand with directions to reinstate the agency's suspension of Tooley's license.

[¶ 9] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.