576 N.W.2d 858 (1998)
1998 ND 77
CITY OF FARGO, Plaintiff and Appellee,
v.
Allan Kermit BAKKERUD, Defendant and Appellant.
Criminal No. 970297
Supreme Court of North Dakota.
April 8, 1998.
Stacey Tjon Aasland, Assistant City Attorney, for plaintiff and appellee.
Lisa Edison-Smith, of Vogel, Kelly, Knutson, Weir, Bye & Hunke, Ltd., Fargo, for defendant and appellant.
*859 SANDSTROM, Justice.
[¶ 1] Allan Bakkerud entered a conditional guilty plea, under N.D.R.Crim.P. 11(a)(2), to driving while under the influence of alcohol. A judgment of conviction was entered on the guilty plea, and Bakkerud appealed from the trial court's order denying his motion to suppress evidence of his blood alcohol concentration. We hold the law enforcement officers did not deny Bakkerud a reasonable opportunity to secure an independent blood alcohol test, and we affirm the order denying Bakkerud's motion to suppress evidence.

I
[¶ 2] During the late evening of April 4, 1997, Fargo police officer Dale Stoll was dispatched to an accident scene. Bakkerud, who was driving one of the vehicles involved in the accident, was arrested by Stoll for driving while under the influence of alcohol. Police officer Joseph Johnson met Stoll and Bakkerud at the Fargo police station to administer an Intoxilyzer test. When Johnson discovered the simulator was not working properly, he and Stoll transported Bakkerud to the Cass County jail for the test. Before leaving the police station, Bakkerud requested an opportunity to call an attorney. A telephone and phone book were made available to him, and he tried unsuccessfully for 10 to 15 minutes to contact an attorney. Bakkerud testified he asked about taking an independent blood test while at the police station. Johnson testified he did not recall Bakkerud making any such inquiry at the police station, and Stoll testified Bakkerud made no inquiry about an independent test until after being transported to the jail.
[¶ 3] At the jail, Johnson administered an Intoxilyzer test. While at the jail, Bakkerud inquired about getting a blood test at either Dakota Hospital or MeritCare Hospital, places where Bakkerud had medical insurance coverage. Johnson told Bakkerud the state toxicology lab no longer does independent tests and "[t]he only place in town that does do independent tests which the way I understand hold evidentiary weight is Dakota Hospital and they're called medtox kits and they're quite expensive." Stoll heard Johnson tell Bakkerud Stoll "would take him to get an independent test done if he wanted one done." Stoll testified Bakkerud never requested he be taken anywhere for an independent test. At the jail, Bakkerud was again given a telephone and phone book to contact an attorney and a bail bondsman. There is no testimony Bakkerud either asked to call someone about administering an independent blood test or used the telephone for that purpose.
[¶ 4] Based upon the results of the Intoxilyzer test, Bakkerud was charged with DUI. Bakkerud moved to suppress the test results, claiming the officers interfered with his right to take an independent test. The trial court denied the motion, and Bakkerud entered a conditional guilty plea and appealed.
[¶ 5] The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27-05-06(1). The appeal from the district court was filed in a timely manner under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. §§ 29-01-12 and 29-28-06.

II
[¶ 6] N.D.C.C. § 39-20-01 provides for testing to determine the alcohol content of a motorist's blood:
"Any person who operates a motor vehicle on a highway ... in this state is deemed to have given consent ... to a chemical test, or tests, of the blood, breath, saliva, or urine for the purpose of determining the alcohol ... content of the blood.... The test or tests must be administered at the direction of a law enforcement officer only after placing the person ... under arrest...."
N.D.C.C. § 39-20-02 provides a driver may have an additional test at his own expense:
"The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of the person's choosing administer a chemical *860 test or tests in addition to any administered at the direction of a law enforcement officer with all costs of an additional test or tests to be the sole responsibility of the person charged. The failure or inability to obtain an additional test by a person does not preclude the admission of the test or tests taken at the direction of a law enforcement officer."
An arresting officer is not required to inform the person tested of the availability of an additional test. City of Grand Forks v. Risser, 512 N.W.2d 462, 463 (N.D.1994). If an arrestee requests an independent test, the police officer must afford the arrestee a reasonable opportunity to secure an independent test and must not prevent or hinder the arrestee's timely reasonable attempts to obtain an independent test. Lock v. Moore, 541 N.W.2d 84, 87 (N.D.1995). A police officer generally need not assist an arrested driver in obtaining an independent test. Tooley v. Moore, 1997 ND 120, ¶ 7, 565 N.W.2d 46. But see State v. Dressler, 433 N.W.2d 549 (N.D.Ct.App.1988). Whether the accused has made a reasonable request for an independent test and whether the police have interfered by denying the accused a reasonable opportunity to obtain the test depend on the totality of the circumstances. State v. Messner, 481 N.W.2d 236, 240 (N.D.1992).

III
[¶ 7] After holding an evidentiary hearing on Bakkerud's motion to suppress evidence, the trial court entered an order denying the motion, supported by the following findings and conclusions:
"Here, Defendant made a request for an independent test, asking that he be taken to one of the two Fargo Hospitals where he was covered under his HMO plan. The attending officer then explained to Defendant that one of the hospitals did not administer the type of test required and that because the State no longer paid for the test processing, the Defendant would be charged for that cost. Defendant did not respond.
"Defendant does not claim that the law enforcement officer prevented or hindered a timely and reasonable attempt to obtain an independent examination, but only that he was informed of the cost to him of an independent examination and his request for an independent blood test was not `followed-up on.' Defendant did not repeat his request after being informed of the cost, nor did he make any attempt to arrange for an independent test. The officer could easily have taken Defendant's silence to mean that Defendant had decided not to have the additional test performed.

* * * * *
"Under the totality of the circumstances, Defendant has failed to show that the officer(s) interfered with his attempts to obtain an independent test, and thus the Defendant is not entitled to have the intoxilyzer test record and results from the Sheriff's Department tests suppressed."
[¶ 8] The trial court's disposition of a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. City of Fargo v. Thompson, 520 N.W.2d 578, 581 (N.D.1994); State v. Graven, 530 N.W.2d 328, 329 (N.D.1995). The trial court's determination on this issue is supported by the record evidence.
[¶ 9] In response to Bakkerud's inquiry about an independent blood test, Johnson advised Bakkerud only Dakota Hospital performed independent tests having evidentiary value and those tests were quite expensive. Johnson testified he made those statements only to be helpful. There is no record evidence Johnson's statements were inaccurate or misleading. Johnson told Bakkerud Stoll would take him to get an independent test if he wanted one done. Bakkerud made no further inquiry or request for a test, and Stoll assumed Bakkerud decided he did not want another test.
[¶ 10] This case is factually similar to the circumstances in Messner at 236. While taking *861 an Intoxilyzer test administered by the arresting officer, Messner requested he be allowed afterward to take a blood test. When the Intoxilyzer test was completed, Messner was placed in a jail cell and given access to a telephone. Messner did not again ask for a separate test, and there was no evidence whether he used the telephone to arrange for one, but he did not receive a blood test. Messner moved to suppress the test results on the ground he was denied his right to have an independent test. This Court, Messner at 240, upheld the trial court's denial of the motion:
"After completing the intoxilyzer test, Messner did not renew his request for an independent test. He was promptly placed in a jail cell with access to a telephone that would have allowed him to arrange his own test. There is no evidence that Messner was deprived of use of the telephone, that he was unable to arrange an independent test, or that the police interfered with him doing so. Messner, for some unknown reason, simply did not pursue the matter.
"... Here, Messner has not established denial of a reasonable opportunity to secure an independent test. Rather, this record shows that he failed to take advantage of that opportunity."
[¶ 11] Similarly, in Lock at 86, a DUI arrestee requested an independent blood test and was informed by the arresting officer he would have to make arrangements and pay for an independent test. Thereafter, the arrestee was given access to a telephone but did not make arrangements for an independent test. On appeal, this Court concluded the arresting officer did not "prevent, hinder, or otherwise interfere" with the arrestee's efforts to obtain an independent blood test, but the arrestee "simply failed to take full advantage of his opportunity" and was not, therefore, denied any legal right to an independent test. Lock at 88.
[¶ 12] Bakkerud had access to a telephone and an opportunity to arrange for an independent blood test, but he failed to make use of the opportunity. An arrestee's request for an independent test must be clear and unambiguous. State v. Lorenzen, 401 N.W.2d 508, 509 (N.D.1987). The evidence supports the trial court's finding Bakkerud did not make clear to the officers he had decided to take an independent test and wanted assistance to do that. On two separate occasions, at both the police station and the jail, the officers gave Bakkerud a telephone and phone book to make calls for assistance. There is no evidence Bakkerud even inquired whether he could use the telephone to arrange for a blood test.

IV
[¶ 13] We conclude there is sufficient competent evidence supporting the court's finding Bakkerud was not denied his right to an independent test, and the finding is not contrary to the manifest weight of the evidence. Under these circumstances, the police officers did not interfere with or deny Bakkerud a reasonable opportunity to obtain an independent test. Consequently, the order denying the motion to suppress is affirmed.
[¶ 14] VANDE WALLE, C.J., and NEUMANN, MARING,and MESCHKE, JJ., concur.