2010 ND 201

**Vanessa Christine LANGE, Appellee**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Appellant.**

No. 20100096.

Supreme Court of North Dakota.

Oct. 25, 2010.

Gregory L. Lange (argued), Hazen, ND, and Jesse N. Lange (appeared), Fargo, ND, for appellee.

Douglas B. Anderson (argued), Assistant Attorney General, Office of Attorney General, Bismarck, ND, for appellant.

KAPSNER, Justice.

[¶1] The North Dakota Department of Transportation ("DOT") appeals the district court's reversal of a DOT hearing officer's decision to suspend Vanessa Christine Lange's driving privileges. Lange's driving privileges were suspended

for ninety-one days after she was arrested for driving under the influence of intoxicating liquor. We reverse the district court judgment and affirm the suspension of Lange's driving privileges.

I

[¶ 2] Mandan City Police Officer Michael Kapella stopped a vehicle driven by Vanessa Christine Lange on September 9, 2009 after observing Lange's vehicle drift on a roadway. After observing Lange's watery and bloodshot eyes and after Lange admitted to having one drink several hours earlier, Officer Kapella asked Lange to perform several field sobriety tests. Lange did not satisfactorily perform the field sobriety tests. Lange spoke with her attorney on her cell phone during the stop. Lange took an SD–5 breath test which indicated her blood alcohol was above the legal limit and was arrested for driving under the influence of intoxicating liquor. Officer Kapella gave Lange the implied consent advisory while transporting Lange to the Morton County jail and requested she take a blood test to determine her blood alcohol content. Lange spoke with her attorney again at the jail and asked if she could go to a hospital to take a blood test. Officer Kapella informed Lange the standard procedure was for a nurse to come to the jail to take blood samples. The nurse took a blood sample from Lange, and the results showed her blood alcohol content was 0.16. There was no subsequent discussion on blood tests after the blood draw at the jail.

[¶ 3] An administrative hearing was held before a hearing officer on October 30, 2009. The only testimony at the hearing was given by Officer Kapella. The administrative hearing officer concluded Officer Kapella reasonably understood Lange requested the blood draw be conducted at a hospital instead of at the jail.

The hearing officer determined Lange did not clearly communicate to Officer Kapella she wanted an independent blood test and no one impeded Lange's ability to obtain an independent test. The hearing officer ruled the blood test results admissible and suspended Lange's driving privileges for ninety-one days. Lange appealed the hearing officer's decision to the district court. The district court concluded Lange's questions about blood tests should have alerted Officer Kapella that Lange was possibly requesting information on an additional and independent test. The district court stated Officer Kapella should have attempted to clarify what Lange's intentions were, and since he did not, the district court reversed the hearing officer's decision.

II

[¶ 4] The DOT argues Lange did not make a reasonable request for an additional and independent blood test. Lange contends her communications were sufficient, and a reasonable officer would have understood she wanted information on obtaining an independent test. Lange argues, given the surrounding circumstances, Officer Kapella should have asked her to clarify her intentions.

[¶ 5] This Court gives great deference to administrative agency decisions. *Hawes v. N.D. Dep't of Transp.*, 2007 ND 177, ¶ 13, 741 N.W.2d 202. We review the agency's findings and decisions. *Id.* The district court's analysis is entitled to respect if its reasoning was sound. *Id.* This Court's review of an administrative suspension of a driver's license is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Abernathey v. Dep't of Transp.*, 2009 ND 122, ¶ 6, 768 N.W.2d 485 (citing *Brewer v. Ziegler*, 2007 ND 207, ¶ 4, 743 N.W.2d 391). We must

affirm the administrative agency's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. In reviewing the administrative agency's decision, our review is limited to the record filed with the court:

We do not make independent findings of fact or substitute our judgment for that of the agency when reviewing an administrative agency's factual findings. We determine only whether a reasoning mind reasonably could have determined the factual conclusions reached were proved by the weight of the evidence from the entire record. If the hearing officer's findings of fact are supported by a preponderance of the evidence, the conclusions of law are sustained by the findings of fact, and the decision is sup-

ported by the conclusions of law, we will not disturb the decision. [W]e ... review questions of law de novo.

*Abernathey*, at ¶ 7 (quoting *Hoover v. Dir., N.D. Dep't of Transp.*, 2008 ND 87, ¶ 7, 748 N.W.2d 730) (other quotations omitted).

■ [¶ 6] Under N.D.C.C. § 39–20–01, law enforcement dictates which type of chemical test for intoxication will be administered and where the test will be conducted. *City of Bismarck v. Bullinger*, 2010 ND 15, ¶ 11, 777 N.W.2d 904. An individual arrested for intoxication may have a medically qualified individual of their choosing, and at the driver's expense, administer an additional chemical test for intoxication, which is independent of the test administered by law enforcement. N.D.C.C. § 39–20–02. The results of chemical tests administered at law enforcement direction may be suppressed, or charges may be dismissed, where an arrestee is denied the right to an independent chemical test. *City of Grand Forks v. Risser*, 512 N.W.2d 462, 463 (N.D.1994) (citing *State v. Dressler*, 433 N.W.2d 549, 551–52 (N.D.Ct.App.1988)). Chemical test results for intoxication will not be excluded where an arrestee makes no effort to obtain an additional independent test or some independent factor prevents test results from being obtained. N.D.C.C. § 39–20–02; *Tooley v. Moore*, 1997 ND 120, ¶ 6, 565 N.W.2d 46; *Dressler*, at 552.

■ [¶ 7] Whether an arrestee has made a reasonable request for an independent test, and whether law enforcement has denied the arrestee's opportunity to obtain an independent test, depends upon the totality of the circumstances. *City of Fargo v. Bakkerud*, 1998 ND 77, ¶ 6, 576 N.W.2d 858. Law enforcement officers do not have a duty to inform an arrestee of the availability of an independent test and generally do not need to assist an arrestee

in obtaining another test. *Id.* The responsibility of asserting the right to an independent test is the arrestee's, and the arrestee's request for an independent test must be clear and unambiguous. *See Risser*, 512 N.W.2d at 463. In another context, this Court has clarified that if an arrestee makes an ambiguous statement, then the arrestee suffers the consequences of that ambiguity. *See Maisey v. N.D. Dep't of Transp.*, 2009 ND 191, ¶ 20, 775 N.W.2d 200 (discussing ambiguity concerning drivers' refusals to take blood tests). An arrestee cannot complain about a law enforcement officer's reasonable interpretation of the arrestee's ambiguous statements. *See id.* It is the arrestee's duty to clearly assert the right to an independent chemical test for intoxication.

[¶ 8] Our prior case law recognized an arrestee does not need to use any particular words to request an independent chemical test. The district court and Lange relied on our statement from *Risser*, that "[a]n officer who deems a request to be ambiguous should attempt to clarify the matter with the driver." 512 N.W.2d at 464. If a law enforcement officer believes an arrestee is asking for an independent test, but the arrestee has not specifically said "independent test," the circumstances should prompt the officer to follow up with the arrestee. However, if the law enforcement officer does not inquire into the arrestee's intentions, the arrestee cannot rely on ambiguous statements. Law enforcement officers reasonably might not understand the arrestee's intentions as an attempt to assert the right to an independent test. An arrestee cannot protest a law enforcement officer's reasonable interpretation that the arrestee's communications were not a request for an independent chemical test.

[¶ 9] The DOT hearing officer accepted Officer Kapella's testimony that he had only one interpretation of the situation, which is that Lange was not asking for an independent test but was asking for an alternate location for the blood draw. The DOT hearing officer noted that when Lange was told blood draws are conducted at the jail, she did not object, "[n]or did she ask for an independent test." The hearing officer determined, "the events as described by the officer would lead a reasonable officer to conclude Lange was not asking if she could take a second or independent test. If that was her intent, she did not clearly communicate it to the officer." Lange did not assert her right when it was clear Officer Kapella was not giving her information or assistance in obtaining an additional independent test. Lange argues Officer Kapella was unreasonable because he should have understood or guessed at her intentions because she spoke to an attorney before making her request. However, Lange could have spoken with her attorney about many issues other than independent chemical tests. Officer Kapella's belief that Lange made an unambiguous request for an alternate location, not an independent test, was determined to be true and reasonable by the hearing officer.

[¶ 10] The hearing officer's decision is entitled to our deference and is not contrary to the law. In *Risser*, we upheld the lower court's finding that the arrestee's first mention of a blood test was reasonably understood by law enforcement officers as a request for a blood test instead of an intoxilyzer test. 512 N.W.2d at 464. We have upheld a lower court's finding that an arrestee's failure to repeat a request for an independent test, or the failure to inquire further and make arrangements for an independent test, was reasonably understood by law enforcement officers as the arrestee's lack of interest in obtaining an independent test. *Bakkerud*, 1998 ND 77, ¶¶ 9, 13, 576 N.W.2d 858;

*State v. Messner*, 481 N.W.2d 236, 240 (N.D.1992). In *Lorenzen v. State Highway Comm'r*, we upheld the hearing officer's decision, and reversed the district court decision, where the hearing officer found law enforcement officers were confused on what the defendant was asking and did not understand the defendant's statements as a request for an independent test. 401 N.W.2d 526, 527–28 (N.D. 1987).

[¶ 11] The DOT hearing officer's decision is supported by Officer Kapella's testimony, which was the only evidence presented. The DOT hearing officer's conclusions of law are supported by the facts, and the decision is in accordance with the law. We reverse the district court and affirm the hearing officer's decision.

### III

■ [¶ 12] The DOT argues Lange was not denied the opportunity to obtain an independent test. Lange argues she was denied the opportunity for an independent test because Officer Kapella stated blood draws were done at the jail and that she "may have been too timid to persist after the officer had already told her 'no,' should [not] be held against her."

■ [¶ 13] "If an arrestee requests an independent test, the police officer must afford the arrestee a reasonable opportunity to secure an independent test and must not prevent or hinder the arrestee's timely reasonable attempts to obtain an independent test." *Bakkerud*, 1998 ND 77, ¶ 6, 576 N.W.2d 858. Whether an arrestee had a reasonable opportunity to obtain an independent test varies depending on the circumstances and locality. *Luebke v. N.D. Dep't of Transp.*, 1998 ND 110, ¶ 10, 579 N.W.2d 189. Officers do not need to assist in obtaining an independent test but must not prevent, hinder, or delay an arrestee's attempts to secure an independent test. *Id.* (citing *Messner*, 481 N.W.2d at 240). An officer does not need to transport an arrestee seeking an independent test but must at least provide access to a telephone. *Id.* at ¶ 11. An arrestee who has made a request for an independent test, then given access to a telephone, and yet fails to use the telephone for securing an additional test, has not been denied access to an additional test. *See Bakkerud*, at ¶¶ 10–12; *see also Lock v. Moore*, 541 N.W.2d 84, 88 (N.D. 1995); *Risser*, 512 N.W.2d at 464; *Messner*, at 240. Access to a telephone will not be a reasonable opportunity to secure an independent test in all circumstances, such as where an arrestee has done more than made a mere request for an independent test. *Luebke*, at ¶ 13.

[¶ 14] Lange had access to a telephone and spoke with her lawyer. There was no evidence she attempted to secure an independent test, but law enforcement interfered with her attempts. Even if Lange did attempt to request an independent test, telephone access in this situation should have been sufficient to provide her a reasonable opportunity to secure an independent test. Officer Kapella testified Lange had access to the telephone, and there was no indication Lange made or attempted to make arrangements for an independent test. The DOT hearing officer's decision was supported by the facts and the law and is entitled to our deference.

### IV

[¶ 15] We affirm the DOT hearing officer's decision to suspend Lange's driving privileges and reverse the district court's order reinstating the same.

[¶ 16] GERALD W. VANDE WALLE, C.J., JOHN C. IRBY, D.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, JJ., and concur.

[¶17]   The Honorable JOHN C. IRBY, D.J., sitting in place of SANDSTROM, J., disqualified.