2012 ND 18

**Spence William KOENIG, Petitioner and Appellant,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.**

**No. 20110249.**

Supreme Court of North Dakota.

Jan. 18, 2012.

**334**

Chad R. McCabe, Bismarck, ND, for petitioner and appellant.

Douglas B. Anderson, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Spence William Koenig appealed from a district court judgment affirming a Department of Transportation hearing officer's decision suspending his driving privileges for ninety-one days. We affirm.

### I.

[¶ 2] This appeal was submitted on essentially undisputed facts as found by the hearing officer. On January 16, 2011, Trooper Jeremy Rost pulled over Koenig's vehicle for speeding and expired tabs. Koenig exhibited signs of intoxication. Koenig agreed to perform field sobriety tests, passing the alphabet test and failing the remaining tests. At 12:47 a.m., Trooper Rost arrested Koenig for driving under the influence of intoxicating liquor. Koenig agreed to submit to a blood test. Trooper Rost testified he informed Koenig's girlfriend he would be released upon a promise to appear when someone sober and over the age of eighteen came to pick him up, and Koenig's girlfriend stated she was on the phone arranging a ride for him. Trooper Rost testified he allowed Koenig to use Rost's cell phone to speak with his attorney on the way to the law enforcement center and while at the center. Upon arriving at the law enforcement center, Koenig requested an independent blood test. Trooper Rost told Koenig he would be able to get an independent test as soon as someone came to pick him up because he was being released upon a promise to appear. Koenig then submitted to a blood draw at the law enforcement center at 1:21 a.m., the results of which showed Koenig's blood alcohol level was .12 percent. Correctional Officer Chris Waller testified Koenig was brought into booking, where he repeated his request for an independent blood test. Officer Waller testified he found the number for St. Alexius hospital, and Koenig was allowed to use

the phone to call the hospital about the test. Koenig testified he informed Officer Waller he needed to go in to the hospital to get the test. Officer Waller testified he then placed Koenig in a holding cell, and Koenig stated his girlfriend was on her way. Officer Waller testified it occurred to him after some time had passed that Koenig's ride was not coming, so he asked Koenig if he wanted to make a phone call, which Koenig declined and stated his girlfriend was on her way. Officer Waller testified Koenig fell asleep and awoke at approximately 4:00 a.m., at which time he tried to call his girlfriend. No one arrived to pick up Koenig, and he was released at approximately 5:00 a.m., when his blood alcohol level was below the legal limit. Koenig testified he never asked for a ride to the hospital, and no one offered to take him to the hospital.

[¶ 3] Trooper Rost issued Koenig a report and notice of intent to suspend his driving privileges under N.D.C.C. § 39–20–03.1. Koenig requested a hearing, which was held on February 25, 2011. At the hearing, Koenig argued the blood test results should be suppressed because he was denied a reasonable opportunity to obtain an independent test. The hearing officer received the test results into evidence, finding Koenig was allowed a reasonable opportunity to obtain an independent test. The hearing officer suspended Koenig's driving privileges for ninety-one days. Koenig appealed the hearing officer's decision to the district court, and the district court affirmed the suspension.

## II.

[¶ 4] We review Department decisions to suspend driving privileges under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, and must affirm the decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. This Court reviews the Department's findings and decisions, but the district court's analysis is entitled to respect if it is sound. *Lange v. N.D. Dep't of Transp.*, 2010 ND 201, ¶ 5, 790 N.W.2d 28.

We do not make independent findings of fact or substitute our judgment for that of the agency when reviewing an administrative agency's factual findings. We determine only whether a reasoning mind reasonably could have determined the factual conclusions reached were proved by the weight of the evidence from the entire record. If the hearing officer's findings of fact are supported by a preponderance of the evidence, the conclusions of law are sustained by the findings of fact, and the decision is supported by the conclusions of law, we will

not disturb the decision. [W]e ... review questions of law de novo.

*Id.* (quoting *Abernathey v. N.D. Dep't of Transp.*, 2009 ND 122, ¶ 7, 768 N.W.2d 485).

[¶ 5] Koenig argues he was denied an opportunity to obtain an independent test after he made sufficient arrangements because he was held in custody for over three hours with no attempt or offer to transport him to the hospital for the test. Koenig asserts "the responsibility of securing Koenig's right to an independent blood test became that of law enforcement holding him in custody[,]" when it became apparent his ride was not coming.

[¶ 6] Section 39–20–02, N.D.C.C., states an individual arrested for driving under the influence is entitled to have an individual of his or her choosing administer an independent blood or chemical test at the driver's expense. The statute further states, "The failure or inability to obtain an additional test by an individual does not preclude the admission of the test or tests taken at the direction of a law enforcement officer." N.D.C.C. § 39–20–02. The right to an independent test is generally viewed as the right of an arrestee to be free from police interference in obtaining the test through his or her own efforts and expense. *State v. Messner*, 481 N.W.2d 236, 240 (N.D.1992). If an individual is denied this statutory right, results of tests administered at the direction of law enforcement may be suppressed or the charges may be dismissed. *Lange*, 2010 ND 201, ¶ 6, 790 N.W.2d 28. Whether police have denied an accused a reasonable opportunity to obtain an independent test depends on the totality of the circumstances. *Luebke v. N.D. Dep't of Transp.*, 1998 ND 110, ¶ 12, 579 N.W.2d 189.

[¶ 7] Koenig seeks to place an affirmative duty on law enforcement officers to transport arrestees who have made arrangements for an independent test. However, the arrestee has the duty to make arrangements for the test. *See* N.D.C.C. § 39–20–02 ("The individual tested may have an individual of the individual's choosing ... administer a chemical test ... with all costs of an additional test or tests to be the sole responsibility of the individual charged."); *Messner*, 481 N.W.2d at 240 ("[I]t is generally agreed that the statutory right to an independent test is actually an arrested motorist's right to be free of police interference when obtaining another test *by his own efforts and at his own expense.*") (emphasis added). Koenig argues he made sufficient arrangements to obtain the independent test by calling the hospital. But where, as in this case, the individual is released upon a promise to appear, making arrangements for the test may very well include the responsibility of securing transportation to the test. Here, Koenig relied on his girlfriend to arrange transportation for him. Koenig's girlfriend did not testify at the hearing, and Koenig offered no explanation as to why the arrangements his girlfriend made to pick him up from the law enforcement center failed.

[¶ 8] "Officers do not need to assist in obtaining an independent test but must not prevent, hinder, or delay an arrestee's attempts to secure an independent test. An officer does not need to transport an arrestee seeking an independent test but must at least provide access to a telephone." *Lange*, 2010 ND 201, ¶ 13, 790 N.W.2d 28 (internal citations omitted). However, access to a telephone may not constitute a reasonable opportunity to obtain an independent test in all circumstances, such as when an arrestee has taken steps beyond a mere request. *Id.* To support his argument that the officers had a duty to transport him, Koenig cites

to *Messner,* where this Court quoted a Georgia case:

> Before the duty of the police arises to transport a defendant to the location of the test, he must first show that he had made arrangements with a qualified person of his own choosing, that the test would be made if he came to the hospital, that he so informed the personnel at the jail where he was under arrest, and that those holding him then either refused or in any event failed to take him to the hospital for that purpose.

*Messner,* 481 N.W.2d at 240 (quoting *Harper v. State,* 164 Ga.App. 230, 296 S.E.2d 782, 783 (1982) (internal quotation marks omitted)). Koenig's reliance on this quote is misplaced. It is dicta and not the basis for the holding in *Messner.* We affirmed Messner's conviction because he "has not established denial of a reasonable opportunity to secure an independent test. Rather, this record shows that *he failed to take advantage of that opportunity.*" *Messner,* 481 N.W.2d at 240 (emphasis added). We included the *Harper* quotation to emphasize the fact that Messner merely requested an independent test but did not make any attempt to arrange one, which was insufficient to place a further duty on law enforcement. *See Messner,* 481 N.W.2d at 240.

[¶ 9] Based on the totality of the circumstances, the officers' actions here were sufficient to afford Koenig ·a reasonable opportunity to obtain an independent blood test. When Koenig first asked Trooper Rost for an independent test, Trooper Rost informed Koenig he was being released upon a promise to appear and would be able to get the test as soon as someone sober and over eighteen picked him up. Upon arresting Koenig, Trooper Rost informed his girlfriend Koenig was being released upon a promise to appear, and she stated she was arranging a ride for him. When Koenig repeated his request for an independent test, Officer Waller looked up the number to St. Alexius hospital and dialed the number for Koenig. Koenig never asked one of the officers to take him to the hospital. After some time passed and no one arrived to pick up Koenig, Officer Waller asked Koenig if he would like to make a phone call to check on his ride, and Koenig declined. Not only may the responsibility of making arrangements include securing transportation in some circumstances, it may also include accepting assistance, such as use of a telephone, when offered. The officers accommodated Koenig's requests and afforded him a reasonable opportunity to obtain an independent test.

[¶ 10] Under the facts in the instant case, the officers did not have a duty to transport Koenig to the hospital to obtain his independent test. The hearing officer's decision is supported by the facts and the law and is entitled to our deference.

## III.

[¶ 11] We affirm the district court judgment and the administrative suspension of Koenig's driving privileges.

[¶ 12] WICKHAM CORWIN, D.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 13] The Honorable WICKHAM CORWIN, D.J., sitting in place of SANDSTROM, J., disqualified.