Christopher BAILLIE, Appellant,

v.

Marshall MOORE, Director, ND Department of Transportation, Appellee.

Civ. No. 940092.

Supreme Court of North Dakota.

Oct. 5, 1994.

Ralph A. Vinje, of Vinje Law Firm, Bismarck, for appellant.

Monte Lane Rogneby, Asst. Atty. Gen., Atty. General's Office, Bismarck, for appellee.

VANDE WALLE, Chief Justice.

Christopher Baillie appealed from a district court judgment upholding the Department of Transportation's one year revocation of Baillie's driver's license for refusing to take an intoxilyzer test. We reverse, because Baillie requested but was not given a reasonable opportunity to consult with an attorney and, for that reason, his failure to take the intoxilyzer test was not a refusal upon which his license could be revoked under Chapter 39–20, N.D.C.C.

The relevant facts in this case are undisputed.[1] On November 1, 1993, Bismarck Police Officer Steve Kenner saw Baillie driving a vehicle in excess of the speed limit. Kenner stopped Baillie's vehicle and, upon detecting an odor of alcohol on Baillie's breath, conducted a series of field sobriety tests. Kenner then arrested Baillie for driving while under the influence of intoxicating liquor and transported him to the police station. Upon arriving there, Kenner gave Baillie an opportunity to use the telephone to call for whatever assistance he needed, explaining that Baillie would not be at the station very long and he should call for a ride to take him home. Thereafter, Kenner conducted additional physical sobriety tests and then asked Baillie to submit to an intoxilyzer examination. Baillie responded that he would not take the test without an attorney. Three times Kenner requested Baillie to take an intoxilyzer test, and each time Baillie responded that he would not consent to take a test without an attorney. Kenner deemed Baillie's response to be a refusal rather than a request to consult an attorney, and no intoxilyzer test was given.

Baillie's driver's license was ultimately revoked by the Department for a period of one year, under Sections 39–20–04 and 39–20–05, N.D.C.C., for his refusal to take the intoxilyzer examination. Baillie appealed to the district court, which affirmed the revocation of his license. Baillie then appealed to this court.

Our review of a district court decision on an administrative revocation of a driver's license is governed by the Administrative Agency's Practice Act, under Chapter 28–32, N.D.C.C. We review the record of the administrative agency, not the district court's ruling. *North Dakota Dep't of Transp. v. DuPaul*, 487 N.W.2d 593 (N.D.1992). Under Section 28–32–19, N.D.C.C., we must affirm the agency's decision unless we conclude that:

1. The order is not in accordance with the law;

2. The order is in violation of the constitutional rights of the appellant;

3. Provisions of this chapter have not been complied with in the proceedings before the agency;

4. The rules or procedure of the agency have not afforded the appellant a fair hearing;

---

1. Although it is not a part of this record, the parties agree that a videotape of the proceedings at the police station was viewed and considered by the hearing officer conducting the administrative proceedings. Apparently, the police department inadvertently destroyed the tape, and it was not available for viewing by the district court on appeal. We are not informed how or why the tape was returned to the possession of the police department after the administrative hearing. *See* § 28–32–12 [all evidence presented at any proceeding before the administrative agency shall be filed with the agency]. Nevertheless, we again note, as we did in *State v. Steffes*, 500 N.W.2d 608, 613 n. 5 (N.D.1993), that the State has a duty to zealously protect evidence in its possession, and the haphazard handling of evidence may warrant new rules if destruction of evidence becomes commonplace.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence; or

6. The conclusions of law and order of the agency are not supported by its findings of fact.

On appeal, Baillie asserts that he was denied a reasonable opportunity to consult with an attorney before deciding whether to consent to take an intoxilyzer test and that his failure to take the test does not, therefore, constitute a refusal upon which to revoke his license.

The majority of this court, in *Kuntz v. State Highway Commissioner*, 405 N.W.2d 285, 290 (N.D.1987), held that a person arrested for driving under the influence of intoxicating liquor has a qualified statutory right to consult with an attorney before deciding whether to submit to a chemical test:

"We hold that if an arrested person asks to consult with an attorney before deciding to take a chemical test, he must be given a reasonable opportunity to do so if it does not materially interfere with the administration of the test. If he is not given a reasonable opportunity to do so under the circumstances, his failure to take the test is not a refusal upon which to revoke his license under Chapter 39–20, N.D.C.C."

The Department claims Baillie's statement that he would not take the test without an attorney was not a request to telephone or consult with an attorney and, consequently, Officer Kenner was under no obligation at that time to give Baillie an opportunity to consult with an attorney. Rather, the Department deems Baillie's statement that he would not take a test without an attorney to be a refusal to take the test, warranting revocation of Baillie's license. We believe the Department's position constitutes an unduly restrictive interpretation of Baillie's response when he was asked to take the intoxilyzer test. Only by engaging in a hypertechnical analysis of Baillie's statement could it be viewed as a refusal to take the test, rather than a request to speak with an attorney.

▇▇▇ We refuse to indulge in a case-by-case search for magical words which must be uttered by an arrestee as a prerequisite to being given an opportunity to consult an attorney. Rather, we hold that if a DUI arrestee, upon being asked to submit to a chemical test, responds with any mention of a need for an attorney—to see one, to talk to one, to have one, etc.—the failure to allow the arrestee a reasonable opportunity to contact an attorney prevents the revocation of his license for refusal to take the test. A refusal to take the test under these conditions is not the affirmative refusal necessary to revoke a license under § 39–20–04, N.D.C.C. Our intent is to set forth a "bright line" test to determine when an arrestee must be allowed a reasonable opportunity to consult with an attorney before deciding whether to take a chemical test. If the arrestee responds with any affirmative mention of a need for an attorney, law enforcement personnel must assume the arrestee is requesting an opportunity to consult with an attorney and must allow a reasonable opportunity to do so.

This decision is consistent with our holding in *Ehrlich v. Backes*, 477 N.W.2d 211, 212 (N.D.1991). Ehrlich was arrested for DUI. When asked to take a chemical blood test, Ehrlich responded that "she would not take the test unless an attorney was present." The officer reacted to that response by making a telephone and city directory available to Ehrlich, but she refused to call an attorney. We concluded that Ehrlich had been allowed a reasonable opportunity to consult with an attorney, even though she did not make use of that opportunity, and that Ehrlich's failure to take the test constituted a refusal justifying revocation of her driver's license. The facts here are distinguishable.

When Baillie stated he would not take a test without an attorney, the officer immediately assumed Baillie was refusing the test and did not ask whether Baillie wanted to call an attorney nor was Baillie then offered use of a phone or directory to call an attorney. We conclude that Baillie was not allowed a reasonable opportunity to exercise his statutory right to consult with an attorney and that his failure to take the intoxilyzer test did not constitute a refusal upon

which to revoke his driver's license. Consequently, the Department's decision to revoke Baillie's license was not in accordance with the law, and we reverse.

MESCHKE, LEVINE and NEUMANN, JJ., and ALLAN L. SCHMALENBERGER, District Judge, concur.

ALLAN L. SCHMALENBERGER, District Judge, sitting in place of SANDSTROM, J., disqualified.