2006 ND 98

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Scott PACE, Defendant and Appellant.**

**No. 20050342.**

Supreme Court of North Dakota.

May 11, 2006.

Chad R. McCabe (on brief), Vinje Law Firm, Bismarck, N.D., for defendant and appellant.

Julie Ann Lawyer (on brief), Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

CROTHERS, Justice.

[¶ 1] Scott Pace appeals from a judgment entered upon his conditional plea of guilty for a charge of driving under the influence, following the denial of a motion to suppress the results of a chemical test. We affirm.

I

[¶ 2] Pace was stopped in the early morning hours of January 5, 2005, on suspicion of driving under the influence. After failing several field sobriety tests and the preliminary Breathalyzer test, Pace was arrested, advised of his Miranda rights, and placed in the backseat of a police car. Evidence and a video and audio tape showed that arresting Officer Hagel asked Pace for consent to a blood draw at the hospital to determine Pace's blood alcohol content. Pace responded, "I don't know how to answer that" and asked if he could speak to his attorney.

[¶ 3] Pace provided the name of his attorney and the attorney's law firm. Hagel contacted dispatch for the phone number of the firm. Hagel called the firm but

reached an answering machine. Hagel told Pace he had been unable to reach Pace's attorney and asked Pace how he wished to proceed. Pace asked, "What are my options again?" Hagel repeated that Pace could consent to or refuse the blood draw and briefly explained the potential consequences of each. Hagel said that he "needed a 'yes' or 'no,'" and after brief discussion, Pace consented to the blood draw. No mention of an attorney was made by either Pace or Hagel after the failed attempt to contact Pace's attorney.

[¶ 4] The hospital blood draw revealed Pace's blood alcohol level exceeded the legal limit, and he was charged with driving under the influence. Pace moved to dismiss the charges or suppress the failed chemical test results on the basis he was denied access to an attorney after one was requested. The district court denied the motion. Pace entered into a conditional guilty plea, and the district court entered an order consistent with that plea. Pace argues on appeal that the district court erred in denying his motion to dismiss the charges or suppress the failed chemical test results.

## II

[¶ 5] On appeal of a district court's denial of a motion to suppress, this Court defers to the district court's findings of fact, but questions of law are fully reviewable. *State v. Heitzmann*, 2001 ND 136, ¶ 8, 632 N.W.2d 1.

[¶ 6] This Court has repeatedly held that defendants must be afforded a reasonable opportunity to consult with counsel before deciding whether to submit to a chemical test. *Wetzel v. N.D. Dep't of Transp.*, 2001 ND 35, ¶ 12, 622 N.W.2d 180; *Baillie v. Moore*, 522 N.W.2d 748, 750 (N.D.1994); *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285, 288 (N.D.1987). In *Baillie*, an arrestee was asked to submit to an Intoxilyzer examination three times; each time the arrestee asserted he would not consent without an attorney. 522 N.W.2d at 749. The officer considered Baillie's demand for counsel a refusal to submit to the examination, and Baillie's license was revoked. We reversed, holding:

> [I]f a DUI arrestee, upon being asked to submit to a chemical test, responds with any mention of a need for an attorney— to see one, to talk to one, to have one, etc.—the failure to allow the arrestee a reasonable opportunity to contact an attorney prevents the revocation of his license for refusal to take the test.

*Id.* at 750. Pace argues *Baillie* stands for the proposition that a phone and directory must be made available to a defendant if that defendant indicates any desire for counsel prior to submitting to a chemical test, whether that defendant ultimately consents to or refuses the test. We disagree.

[¶ 7] *Baillie*, like *Wetzel* and *Kuntz*, recognizes an arrestee's right to a "reasonable opportunity" to consult with an attorney upon request. *Baillie*, 522 N.W.2d at 750. We have not exacted a definition for "reasonable opportunity," nor do we do so today. Rather, we objectively review the totality of the circumstances to determine whether an opportunity to consult with counsel was reasonable. *Eriksmoen v. Dir., N.D. Dep't of Transp.*, 2005 ND 206, ¶ 9, 706 N.W.2d 610. This flexible, dynamic standard has resulted in decisions favoring both sides of the "reasonable opportunity" argument. Both *Baillie* and *Kuntz* involved an unequivocal request to consult an attorney, followed by an absolute denial of that request which we deemed "unreasonable." *Baillie*, 522 N.W.2d at 750; *Kuntz*, 405 N.W.2d at 290. Conversely, we have concluded a "reasonable opportunity" existed in varying circumstances, such as when an arrestee was

offered the arresting officer's personal cellular phone, *Wetzel,* 2001 ND 35, ¶ 20, 622 N.W.2d 180, and when an arrestee was permitted to consult his or her attorney in person, out of earshot but not out of sight of police. *Eriksmoen,* at ¶¶ 12, 13; *Bickler v. N.D. State Highway Comm'r,* 423 N.W.2d 146, 148 (N.D.1988).

[¶ 8] Here, Pace requested contact with "his attorney." Hagel located the firm's phone number and used his cell phone at the arrest site to call the firm. When that attempted contact failed, Pace suggested no other avenues for contacting his attorney, nor did he make any further requests for that or any other attorney. Although Hagel did present Pace with an "ultimatum" at this time, telling Pace he "needed a 'yes' or 'no'" on the blood draw, we do not find this to be *per se* unreasonable.

[¶ 9] The situation presented here is not factually similar to any cases previously addressed by this Court; however, the "totality-of-the-circumstances" analysis employed in our previous holdings remains controlling. *Eriksmoen,* 2005 ND 206, ¶ 12, 706 N.W.2d 610. Taking into account that Hagel assisted Pace in attempting to contact his attorney and Pace made no further requests for an attorney, we cannot conclude that Pace was denied a reasonable opportunity to consult with counsel.

### III

[¶ 10] The judgment of the district court is affirmed.

[¶ 11] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.