2008 ND 30

**Tate Michael LIES, Petitioner and Appellant**

v.

**DIRECTOR, NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.**

No. 20070257.

Supreme Court of North Dakota.

Feb. 21, 2008.

Michael R. Hoffman (argued), Bismarck, ND, for petitioner and appellant.

Andrew Moraghan (argued), Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Tate Lies appeals from a district court judgment affirming a North Dakota Department of Transportation ("Department") decision to suspend his driver's li-

cense for a period of one year. We affirm the judgment.

## I

[¶ 2] In March 2007, Officer Roehrich stopped Lies's vehicle at 12:57 a.m. When Officer Roehrich spoke with Lies during the stop, he smelled alcohol on Lies's breath. When questioned about the scent of alcohol, Lies admitted to drinking three beers that evening. Officer Roehrich asked Lies to perform several field sobriety tests. Lies agreed and subsequently failed the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg-stand test. Lies also failed an S–D2 onsite screening test, which estimated his alcohol concentration to be .23 percent by weight. Officer Roehrich then arrested Lies for driving under the influence of alcohol ("DUI").

[¶ 3] Lies was handcuffed behind his back and put in the backseat of Officer Roehrich's police car. Officer Roehrich recited to Lies the implied-consent advisory and asked Lies if he would submit to a blood test. Lies stated he would not submit to testing until he spoke with his lawyer. Officer Roehrich asked which attorney Lies would like to contact, and Lies stated he wished to speak with Tom Tuntland. Because Lies did not know the phone number for this particular lawyer, Officer Roehrich looked up the office number for Tom Tuntland. He dialed the number, but he only reached an automated greeting, which did not provide an after-hours phone number. He told Lies Tuntland could not be reached at his office number and then attempted to look up Tuntland's residential phone number. He told Lies he could not find Tuntland's home phone number.

[¶ 4] Officer Roehrich reminded Lies of the implied-consent advisory and asked if Lies would submit to a test. Lies again said that he would not submit without first speaking to his attorney. Officer Roehrich again offered to contact Tuntland, if Lies knew of another phone number or alternative means of contacting him. Lies said he did not have Tuntland's phone number. For a third time, Officer Roehrich asked Lies if he would submit to a chemical test, saying he needed a "yes or no" answer; Lies replied he would not submit until he spoke with his attorney. Officer Roehrich again explained he had not been able to reach Tuntland and told Lies he needed to make a decision as to the test. Lies repeated he would not submit without speaking with his lawyer, but did not ask for a different lawyer or provide any additional suggestions for reaching Tuntland. After the third request for a submission to or refusal of the test and Lies's request to speak to his lawyer, Officer Roehrich drove Lies to the Burleigh County Detention Center and booked him.

[¶ 5] Officer Roehrich gave Lies a Report and Notice, concluding Lies had refused to submit to a chemical blood test. Lies requested an administrative hearing. At the hearing, both Lies and Officer Roehrich testified Lies did not request any other attorney or access to a phonebook during the time between arrest and booking after the attempts to reach Tuntland failed. Officer Roehrich testified he did not suggest to Lies that he should call another lawyer, stating "Tuntland was the one he wanted." At the hearing, Officer Roehrich identified the 2007 Dex phonebook as the one he believed he had used to attempt to find Tom Tuntland's home phone number. During the hearing, the 2007 Dex phonebook was found to contain a listing for Tom Tuntland in the residential section. When questioned about this, Officer Roehrich stated that the phonebook he used in his patrol car did not contain that listing.

[¶ 6] The hearing officer concluded that Officer Roehrich did provide Lies a reasonable opportunity to contact his attorney under the totality of the circumstances and suspended Lies's driver's license for one year. Lies appealed to the district court, arguing the Department erred in suspending his driving privileges because he was not provided a reasonable opportunity to speak with an attorney before his failure to submit to the chemical test was deemed a refusal. The district court affirmed the decision of the hearing officer.

[¶ 7] Lies appeals the judgment of the district court affirming the revocation of his driving privileges, arguing he was not afforded a reasonable opportunity to contact an attorney.

## II

[¶ 8] The review of an administrative decision to suspend or revoke a driver's license is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Wetzel v. N.D. Dep't of Transp.*, 2001 ND 35, ¶ 9, 622 N.W.2d 180 (citing *Houn v. N.D. Dep't of Transp.*, 2000 ND 131, ¶ 5, 613 N.W.2d 29). Under N.D.C.C. § 28–32–49, this Court reviews the record compiled by the administrative agency and affirms the agency's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

[¶ 9] This Court gives deference to administrative agency's factual findings and does not substitute its judgment for that of the agency. *Wetzel*, at ¶ 9 (citing *Morrell v. N.D. Dep't of Transp.*, 1999 ND 140, ¶ 6, 598 N.W.2d 111). However, the question of whether a person has been given a reasonable opportunity to consult with an attorney is not purely a question of fact; instead, it is one of both law and fact. *Id.* at ¶ 10 (citing *Groe v. Comm'r of Pub. Safety*, 615 N.W.2d 837, 841 (Minn.Ct.App.2000)). Mixed questions of law and fact are reviewed under a de novo standard. *Id.* (citing *State v. Torgerson*, 2000 ND 105, ¶ 3, 611 N.W.2d 182).

[¶ 10] "This Court has repeatedly held that defendants must be afforded a reasonable opportunity to consult with counsel before deciding whether to submit to a chemical test." *State v. Pace*, 2006 ND 98, ¶ 6, 713 N.W.2d 535 (citing *Wetzel v. N.D. Dep't of Transp.*, 2001 ND 35, ¶ 12, 622 N.W.2d 180; *Baillie v. Moore*, 522 N.W.2d 748, 750 (N.D.1994); *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285, 288 (N.D.1987)). The failure to allow a DUI arrestee a reasonable opportunity to consult with a lawyer after the arrestee has made such a request prevents the revocation of his driver's license for refusal to take a chemical test. *E.g.,*

*Baillie,* 522 N.W.2d at 750. There are no bright line rules for determining whether a "reasonable opportunity" to consult with an attorney has been afforded; rather, the determination of whether a reasonable opportunity has been provided turns on an objective review of the totality of the circumstances. *Pace,* 2006 ND 98, ¶¶ 6–7, 713 N.W.2d 535.

[¶ 11] This Court has held that no reasonable opportunity to consult with an attorney was afforded when a defendant unequivocally requested counsel before submitting to testing and the defendant's request for counsel was absolutely denied. *Baillie,* 522 N.W.2d at 749–50; *Kuntz,* 405 N.W.2d at 290. However, this Court has held that an officer offering the use of his cell phone to a DUI arrestee so the arrestee could call an attorney constituted a reasonable opportunity. *Wetzel,* at ¶ 20. This Court also rejected the arguments that an arrestee must always be offered a phone and a phone directory if the arrestee makes any request for counsel, and if the arrestee is not provided with a phone and directory, the arrestee was not afforded a reasonable opportunity to speak with counsel. *Pace,* at ¶ 6.

[¶ 12] *Pace* presents facts similar to those in the present case, and this Court found Pace was afforded a reasonable opportunity to consult with counsel. *Id.* at ¶ 9. Lies, like Pace, requested the arresting officer call "his attorney," rather than "an attorney." *Id.* at ¶¶ 2–3. Lies, like Pace, was unable to contact the particular attorney he requested and did not ask for a different attorney after the attempt to contact that particular attorney failed. *Id.* Lies, like Pace, suggested no other avenues for contacting his attorney after the lawyer could not be reached at his office and after Officer Roehrich could not find the attorney's residential number. *Id.* at ¶ 3. In *Pace,* this Court explained that when an arrestee is presented with an "ultimatum," which requires the arrestee to give a "yes or no" answer regarding submitting to a chemical test after attempts to contact a particular attorney have failed, an arrestee's right to a reasonable opportunity to consult with counsel has not necessarily been violated. *Id.* at ¶ 8.

[¶ 13] Because Officer Roehrich made attempts to contact Tuntland for Lies, Lies suggested no other attorney with whom he wished to consult, and did not ask for a phone or directory to use himself, he was not denied a reasonable opportunity to speak with counsel.

[¶ 14] We affirm the judgment of the district court.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.