2016 ND 202

Jesse Scott KOEHLY, Appellant

v.

Grant LEVI, Director of the North Dakota Department of Transportation, Appellee.

No. 20160141.

Supreme Court of North Dakota.

Nov. 9, 2016.

Thomas F. Murtha IV, Dickinson, N.D., for appellant.

Michael T. Pitcher, Office of the Attorney General, Bismarck, N.D., for appellee.

SANDSTROM, Justice.

[¶ 1] Jesse Koehly appeals the district court judgment affirming a North Dakota Department of Transportation hearing officer's order suspending his driving privileges for 180 days. Koehly argues the implied consent law as to breath tests violates the state and federal constitutions, he cured his refusal, and the police officers violated his limited right to counsel. We affirm.

I

[¶ 2] In July 2015, a Dickinson police officer arrested Koehly for driving while intoxicated. At the police station, the officer placed him in a recorded holding room with his cell phone, and he was given an opportunity to contact an attorney. He concedes he made no attempt to contact an attorney. Instead, he called family and friends and spoke with them for approximately forty minutes.

[¶ 3] During Koehly's phone calls, the officer visited with him and asked whether he would consent to a breath test. For about thirty minutes, he did not answer the officer's requests. He then said he wanted to refuse. Koehly subsequently asked whether he could take a blood test instead of a breath test, and the officer said no. More time passed before Koehly agreed to a breath test. In agreeing, however, he demanded the officer stipulate in writing her refusal to allow him to take a blood test. The officer construed Koehly's conduct as a refusal to take the breath test.

[¶ 4] In August 2015, the Department of Transportation held a hearing on whether Koehly's license should be suspended for his refusing a chemical test. The hear-

ing officer found Koehly refused the breath test. Koehly unsuccessfully petitioned the agency for reconsideration. He appealed the agency's findings to the district court.

[¶ 5] In April 2016, the district court affirmed the Department's findings regarding Koehly's attempted cured refusal. The court also concluded the officer did not violate Koehly's right to counsel and the implied-consent law relating to breath tests was not unconstitutional. Koehly appeals the district court's judgment affirming the Department's order.

[¶ 6] The Department had jurisdiction under N.D.C.C. § 39–20–05. Koehly's appeal to the district court was timely under N.D.C.C. § 28–32–42(1). The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 39–20–06. Koehly's appeal to this Court was timely under N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49.

## II

[¶ 7] Under North Dakota's implied-consent law, N.D.C.C. ch. 39–20, the Department of Transportation may revoke the driving privileges of a person who refuses a breath test during a lawful arrest. The parties agree Koehly initially refused a breath test. Koehly, however, argues he cured his earlier refusal by consenting to a breath test. The first issue, which we review de novo, is whether North Dakota's implied-consent laws violate various federal and state constitutional provisions. *McCoy v. N.D. Dep't of Transp.*, 2014 ND 119, ¶ 8, 848 N.W.2d 659. The second issue is whether police officers violated Koehly's limited right to counsel by placing him in a recorded and monitored room. The third issue is whether Koehly cured his earlier refusal to consent to the chemical test. The second and third issues concern factual findings by the Department, and we review these findings under N.D.C.C. § 28–32–46. We affirm the Department.

## A

[¶ 8] Koehly claims his revocation violates various provisions of the federal and state constitutions. We have rejected many of his arguments in prior decisions. *See Gillmore v. Levi*, 2016 ND 77, ¶ 30, 877 N.W.2d 801.

■ [¶ 9] North Dakota's implied-consent law regarding breath tests was recently upheld by the United States Supreme Court. *Birchfield v. North Dakota*, —— U.S. ——, 136 S.Ct. 2160, 2183–85, 195 L.Ed.2d 560 (2016). In *Birchfield*, the Court held the federal constitution permits breath tests as searches incident to lawful arrests for drunk driving. *Id.* at 2185. Koehly now argues North Dakota's constitution differs from the federal constitution on the issue of searches incident to arrest. In his reply brief, Koehly raises for the first time the issue that a search incident to arrest under state law must be contemporaneous and the breath tests taken post arrest are not contemporaneous. We will not address issues raised for the first time in a reply brief, because the reply brief is limited to issues raised in the appellee's brief. *Hoverson v. Hoverson*, 2013 ND 48, ¶ 27, 828 N.W.2d 510; *Hendrickson v. Hendrickson*, 2000 ND 1, ¶ 20, 603 N.W.2d 896.

[¶ 10] Koehly argues the implied-consent law is an "unconstitutional condition" violating *Frost v. Railroad Commission*, 271 U.S. 583, 593–94, 46 S.Ct. 605, 70 L.Ed. 1101 (1926). We have previously rejected the argument in *Beylund v. Levi*, 2015 ND 18, ¶¶ 18–30, 859 N.W.2d 403. *Beylund* was heard by the United States Supreme Court in conjunction with *State v. Birchfield*, 2015 ND 6, 858 N.W.2d 302.

*Birchfield v. North Dakota*, —— U.S. ——, 136 S.Ct. 2160, 2172, 195 L.Ed.2d 560 (2016). In that appeal, the "unconstitutional conditions" argument was advanced to the high court by the appellants, but the United States Supreme Court did not adopt the appellants' position. In this appeal, Koehly also argues we should hold the implied-consent law for breath tests is an unconstitutional condition under our North Dakota Constitution. Although he cites no "unconstitutional condition" cases under the North Dakota Constitution, Koehly asserts:

> Article I, Section 20 of North Dakota's Constitution states that "[t]o guard against transgressions of the high powers which we have delegated, we declare that everything in this article is excepted out of the general powers of government and shall forever remain inviolate." This concept embedded in our State Constitution is basically the doctrine of unconstitutional conditions that was articulated by the United States Supreme Court in *Frost*....

[¶ 11] Koehly argues article I, section 20 prevents the legislature from drafting a law that would circumvent article I, section 8 of the North Dakota Constitution, which states:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized.

This provision is nearly identical to the Fourth Amendment to the United States Constitution. Unless Koehly can show the North Dakota Constitution's search and seizure provision provides more protection than the Fourth Amendment of the federal constitution, his argument fails on the basis of *Birchfield*. If post-arrest breath tests created an unconstitutional condition, the United States Supreme Court would not have held that such tests are lawful. Koehly has pointed to no authority for his interpretation, and we have found none. As such, we do not consider the issue adequately briefed and we will not further address the issue.

### B

[¶ 12] In *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285, 289 (N.D.1987), this Court held N.D.C.C. § 29–05–20 "entitles an arrested individual to have a reasonable opportunity to consult with an attorney before deciding to take a chemical test." This statutory right is a "limited" right and "must be balanced against the need for an accurate and timely chemical test." *City of Mandan v. Leno*, 2000 ND 184, ¶ 9, 618 N.W.2d 161 (quotation marks omitted).

[¶ 13] Koehly argues police officers violated his limited right to counsel by placing him in a recorded and monitored room, which would have allowed officers to hear him speaking with his attorney. Because Koehly made no attempt to call a lawyer, we need not decide whether the right to counsel would be violated by placing a person in a recorded and monitored room while the person speaks with a lawyer.

### C

[¶ 14] The final issue is whether a person cures an earlier refusal of a chemical test by conditionally consenting. Whether a person has cured an earlier refusal of a chemical test is determined by whether the person consented to the second request for a chemical test and whether the circumstances match the criteria outlined in *Lund v. Hjelle:*

[W]e hold that where, as here, one who is arrested for driving while under the influence of intoxicating liquor first refuses to submit to a chemical test to determine the alcoholic content of his blood and later changes his mind and requests a chemical blood test, the subsequent consent to take the test cures the prior first refusal when the request to take the test is made within a reasonable time after the prior first refusal; when such a test administered upon the subsequent consent would still be accurate; when testing equipment or facilities are still readily available; when honoring a request for a test, following a prior first refusal, will result in no substantial inconvenience or expense to the police; and when the individual requesting the test has been in police custody and under observation for the whole time since his arrest.

224 N.W.2d 552, 557 (N.D.1974). *See Maisey v. N.D. Dep't of Transp.*, 2009 ND 191, ¶¶ 24–25, 775 N.W.2d 200.

[¶ 15]  The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, governs our review of an administrative decision to suspend or revoke a driver's license. *Erickson v. Dir., N.D. Dep't of Transp.*, 507 N.W.2d 537, 539 (N.D.1993). Under N.D.C.C. § 28–32–49, we review an appeal from a district court judgment in an administrative appeal in the same manner as provided under N.D.C.C. § 28–32–46, which requires a district court to affirm an order of an administrative agency unless it finds any of the following:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

[¶ 16]  We do not make independent findings of fact or substitute our judgment for that of the agency, but rather determine only whether a reasoning mind reasonably could have concluded the findings reached were supported by the weight of the evidence from the entire record. *Aamodt v. N.D. Dep't of Transp.*, 2004 ND 134, ¶ 12, 682 N.W.2d 308; *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979). "We defer to the hearing officer's opportunity to judge the credibility of witnesses." *Aamodt*, at ¶ 12.

[¶ 17]  A person seeking to cure a prior refusal to take a chemical test must clearly articulate consent. *See Maisey*, 2009 ND 191, ¶ 25, 775 N.W.2d 200. In *City of Bismarck v. Bullinger*, 2010 ND 15, ¶ 10, 777 N.W.2d 904, we said, "A conditional response to a request to submit to chemical testing can be interpreted either as consent or refusal, depending on the circumstances. The driver must suffer the consequences of an officer's reasonable interpretation of the driver's conditional response." Similarly, a person seeking to cure a prior refusal must do so clearly and cannot complain of an officer's reasonable

interpretation of a conditional statement of willingness to take a test.

[¶ 18] Here, a reasoning mind reasonably could have concluded Koehly did not cure his refusal. Koehly argues his statement was not a conditional offer to cure, but the record shows Koehly did condition his offer to cure. He stated he would take the breath test only if the officer stipulated in writing her refusal to allow him to take a blood test. Because Koehly did not unconditionally consent to the breath test, we hold a reasoning mind could have concluded he failed to consent to the test and therefore failed to cure his earlier refusal.

### III

[¶ 19] We affirm the judgment of the district court. We conclude the Department's decision is in accordance with the law, its findings of fact are supported by a preponderance of the evidence and support the conclusions of law, and Koehly's constitutional rights were not violated.

[¶ 20] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.