2017 ND 82

**CITY OF GWINNER, Plaintiff and Appellee**

v.

**Paul VINCENT, Defendant and Appellant**

No. 20160223

Supreme Court of North Dakota.

Filed 4/6/2017

Jeffrey K. Leadbetter, P.O. Box 511, Lisbon, ND 58054–0511, for plaintiff and appellee.

Luke T. Heck, 4627 44th Ave. S., Ste. 108, Fargo, ND 58104, for defendant and appellant.

McEvers, Justice.

[¶ 1] Paul Vincent appeals from the district court's judgment entered on his conditional plea of guilty to the charge of driving under the influence of alcohol. We affirm, concluding the district court did not err in denying his motion to suppress evidence.

I

[¶ 2] On November 6, 2015, Sargent County Deputy Sheriff David Kozok arrested Paul Vincent for driving under the influence of alcohol after a blood test revealed Vincent's alcohol concentration exceeded the legal limits. In March 2016, Vincent moved to suppress any evidence related to the chemical test arguing, in part, that the deputy violated his limited statutory right to speak with an attorney before submitting to the chemical test. A hearing on the motion was held on April 14, 2016.

[¶ 3] Testimony revealed that, on November 6, 2015, Deputy Kozok placed Vincent under arrest and took him to the Gwinner Fire Hall, where the deputy read Vincent the Miranda warning and the North Dakota Implied Consent Advisory. The deputy then asked Vincent if he would submit to a chemical test. Vincent did not answer the deputy's question. Instead, Vincent said "talk to my attorney." The deputy informed Vincent that he would take his silence as a refusal. The deputy

then transported Vincent to the Richland County jail. On the way to jail, the deputy received a call from the Richland County Sheriff, who advised the deputy to read the implied consent advisory to Vincent again. The deputy pulled over on the side of the road and, again, read Vincent the implied consent advisory. After the deputy finished, Vincent again stated "talk to my attorney." The deputy testified he told Vincent if Vincent could "get a hold of an attorney" he would be able to talk to one. Vincent gave the deputy a phone number, but did not provide the deputy with the name of the attorney. The deputy testified that it appeared to be a local cell phone number. The deputy called the number using his personal cell phone, but there was no answer. Vincent was in the back seat of the patrol car when the deputy placed the call. After the deputy's failed attempt to call the number Vincent gave him, Vincent did not mention an attorney again and agreed to submit to a blood test. The deputy drove Vincent to the Lisbon Hospital where a blood test was taken revealing his alcohol concentration level exceeded the legal limits.

[¶ 4] After considering the evidence and testimony presented, the district court denied Vincent's motion concluding he had not made an affirmative request to speak to an attorney:

> It was not clear to [the deputy] and the court is not convinced that Vincent's recitations were an affirmative indication that Vincent needed an attorney, that he desired to talk to an attorney, or that he wanted to have an attorney present, prior to taking the chemical test. Vincent's responses were ambiguous, equivocal and did not constitute an affirmative or unambiguous request to exercise his right to consult an attorney prior to taking the chemical test. [The deputy] was not required to inquire further to clarify Vincent's intent, nor was he re-

quired to assume or presume Vincent wished to exercise his right to consult an attorney. Something more than the mere mention of an attorney is required to exercise one's right to speak with an attorney prior to submitting to a chemical test.

> [ ] The court is satisfied that there was no affirmative request by Vincent to speak to an attorney before taking the chemical test.

Thereafter, Vincent entered a conditional guilty plea reserving his right to appeal.

[¶ 5] Vincent appeals, arguing the district court erred by denying his motion to suppress evidence. Specifically, Vincent argues the district court erred in finding his statements of "talk to my attorney" did not constitute an affirmative mention of a need for an attorney for the purposes of triggering the limited statutory right to a reasonable opportunity to consult with an attorney before deciding whether to submit to a chemical test.

## II

[¶ 6] This Court's standard when reviewing a district court's decision on a motion to suppress evidence is well established:

> This Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

State v. Morin, 2012 ND 75, ¶ 5, 815 N.W.2d 229 (citing State v. Johnson, 2009

ND 167, ¶ 6, 772 N.W.2d 591). "This Court has repeatedly held that defendants must be afforded a reasonable opportunity to consult with counsel before deciding whether to submit to a chemical test." State v. Pace, 2006 ND 98, ¶ 6, 713 N.W.2d 535 (citations omitted). However, "[t]his statutory right is a 'limited' right and 'must be balanced against the need for an accurate and timely chemical test.'" Koehly v. Levi, 2016 ND 202, ¶ 12, 886 N.W.2d 689 (quoting City of Mandan v. Leno, 2000 ND 184, ¶ 9, 618 N.W.2d 161). "An arrested person who asks to speak with an attorney before taking a chemical test must be given a reasonable opportunity to do so if it does not materially interfere with the test administration." State v. Berger, 2001 ND 44, ¶ 17, 623 N.W.2d 25 (citations omitted).

[¶ 7] In Baillie v. Moore, this Court adopted a test for determining whether an arrestee has invoked the right to talk to an attorney before submitting to a chemical test, thereby triggering the officer's duty to provide a reasonable opportunity to consult with an attorney:

> We refuse to indulge in a case-by-case search for magical words which must be uttered by an arrestee as a prerequisite to being given an opportunity to consult an attorney. Rather, we hold that if a DUI arrestee, upon being asked to submit to a chemical test, responds with any mention of a need for an attorney—to see one, to talk to one, to have one, etc.—the failure to allow the arrestee a reasonable opportunity to contact an attorney prevents the revocation of his license for refusal to take the test. A refusal to take the test under these conditions is not the affirmative refusal necessary to revoke a license under § 39–20–04, N.D.C.C. Our intent is to set forth a "bright line" test to determine when an arrestee must be allowed a reasonable opportunity to consult with

an attorney before deciding whether to take a chemical test. If the arrestee responds with any affirmative mention of a need for an attorney, law enforcement personnel must assume the arrestee is requesting an opportunity to consult with an attorney and must allow a reasonable opportunity to do so.

522 N.W.2d 748, 750 (N.D. 1994) (emphasis added). We further held "the directive in Baillie is not without limits." State v. Lee, 2012 ND 97, ¶ 9, 816 N.W.2d 782. "An arrestee's statutory right to request to speak with an attorney must be unambiguous." Washburn v. Levi, 2015 ND 299, ¶ 13, 872 N.W.2d 605 (relying on Kasowski v. N.D. Dep't of Transp., 2011 ND 92, ¶ 14, 797 N.W.2d 40). "'An arrestee cannot complain about a law enforcement officer's reasonable interpretation of the arrestee's ambiguous statements.'" Kasowski, 2011 ND 92, ¶ 14, 797 N.W.2d 40 (quoting Lange v. N.D. Dep't of Transp., 2010 ND 201, ¶ 7, 790 N.W.2d 28). We explained that "[a]n arrestee making an ambiguous statement suffers the consequence of that ambiguity." Kasowski, 2011 ND 92, ¶ 14, 797 N.W.2d 40 (quoting Lange, 2010 ND 201, ¶ 7, 790 N.W.2d 28). However, we recognized that, in some circumstances, when an ambiguity exists as to whether a request to speak to an attorney has been made law enforcement should seek clarification of the ambiguity before denying the statutory right to counsel. See Washburn, 2015 ND 299, ¶ 13, 872 N.W.2d 605 (holding "even when a request for an attorney is ambiguous, it is incumbent upon law enforcement to seek clarification of the ambiguity before denying the statutory right to counsel").

[¶ 8] Here, the parties do not dispute that Vincent at least twice stated "talk to my attorney" after the deputy read the implied consent advisory and requested a chemical test from Vincent. Vincent ar-

gues, relying on this Court's holding in Washburn, that his statements were sufficient to invoke his limited statutory right to counsel and the arresting officer was thereby required to clarify any ambiguity. Vincent also argues he was not afforded a reasonable opportunity to speak to an attorney prior to submitting to a chemical test. On appeal, the City does not challenge Vincent's argument that he invoked his statutory right to counsel. Rather, the City argues Vincent was allowed a reasonable opportunity to speak to an attorney.

[¶ 9] Deciding whether Vincent's statements were sufficient to invoke the limited statutory right is unnecessary to our decision, unless the deputy failed to provide him a reasonable opportunity to speak with an attorney. Therefore, we first address whether Vincent was provided a reasonable opportunity to speak with an attorney.

[¶ 10] Determining whether a person was given a reasonable opportunity to speak with an attorney is a mixed question of law and fact that is subject to a de novo standard of review. Lies v. N.D. Dep't of Transp., 2008 ND 30, ¶ 9, 744 N.W.2d 783. "There are no bright line rules for determining whether a 'reasonable opportunity' to consult with an attorney has been afforded; rather, the determination of whether a reasonable opportunity has been provided turns on an objective review of the totality of the circumstances." Lies, at ¶ 10 (citing State v. Pace, 2006 ND 98, ¶¶ 6–7, 713 N.W.2d 535).

[¶ 11] Here, Vincent gave the deputy a phone number he claimed was for an attorney. The deputy called it but there was no answer. Vincent did not make any further mention of an attorney after the deputy attempted to call the number Vincent had given him. The totality of the circumstances presented here are similar to those presented in Pace. In Pace, Pace requested to contact his attorney before taking a chemical test. 2006 ND 98, ¶ 8, 713 N.W.2d 535. The officer found Pace's attorney's law firm's phone number and used his personal cell phone to call the firm. Id. After that attempt failed, Pace "suggested no other avenues for contacting his attorney, nor did he make any further requests for that or any other attorney." Id. While the deputy told Pace he needed a "yes" or "no" on the blood draw after the attempt to contact the lawyer failed, this Court did not find it to be per se unreasonable. Id. Under this Court's decision in Pace, even if Vincent's statements would have satisfied an affirmative mention of a need for an attorney, the deputy provided Vincent with a reasonable opportunity to speak to an attorney. Therefore, Vincent's limited statutory right to speak with an attorney prior to submitting to a chemical test was satisfied.

[¶ 12] We need not address Vincent's argument that the district court erred in concluding his statements were insufficient to invoke the limited statutory right because it is unnecessary in deciding this appeal. As we have held previously, a correct result will not be set aside merely because the district court relied on a different reason for its decision. N.D. Workers Compensation Bureau v. General Investment Corp., 2000 ND 196, ¶ 14, 619 N.W.2d 863 ("We affirm the judgment, although for a different reason than that relied upon by the district court.").

### III

[¶ 13] The district court did not err in denying Vincent's motion to suppress evidence; therefore, the judgment is affirmed.

[¶ 14] Lisa Fair McEvers

Carol Ronning Kapsner

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

I concur in the result.

Dale V. Sandstrom, S.J.

[¶ 15] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.